# CHARLESTON.

HAWKINBERRY *et al.* v. SNODGRASS *et al.*

Submitted January 29, 1894.—Decided April 7, 1894.

1. EJECTMENT—TAX-SALES—DEED.

Where the plaintiff in an action of ejectment relies upon a purchase of the land in controversy at a delinquent tax-sale and a deed executed to him in pursuance thereof, the defendant is not entitled to attack the deed so acquired for irregularities in the proceedings connected with said tax-sale, unless he or those under whom he claims were owners of the title to said land, which was sold at the time of said delinquent sale, or were entitled to redeem the same.

2. EJECTMENT—TAX-SALE.

The defendant in an action of ejectment can not maintain a bill in equity to enjoin the plaintiff from proceeding with his suit, on the ground that the tax-deed, under which the plaintiff claims, was irregularly obtained, unless such defendant shows some privity with the title which was sold at such delinquent tax-sale, or that he was for some reason entitled to redeem said land.

3. EJECTMENT—INJUNCTION.

Where complainants are in possession of real estate, they can not enjoin defendant, who is out of possession, from prosecuting an action of ejectment against them for the recovery of the premises, upon the ground that the deed, under which the plaintiff claims, is absolutely void, either from want of delivery and acceptance or because obtained by duress or fraud, since in either event the defence in the action of ejectment would be complete.

C. A. SNODGRASS for appellants cited Acts 1872-3, c. 117; 71 Ia. 262; 23 Ia. 344; 133 Ill. 197; 36 La. Ann. 843; 35 La. Ann. 839; 27 W. Va. 769; 1 Pom. Eq. (2d Ed.) § 236.

J. A. HAGGERTY and U. N. ARNETT, JR., for appellee cited New. Eject. 278 *et seq.;* Hutch. Land. Tit. § 470; 2 Gratt. 319; 18 W. Va. 598; 27 W. Va. 770; Hutch. Land Tit. p. 143; 19 W. Va. 123; 23 W. Va. 675, 618; 24 W. Va. 173; 17 W. Va. 43; 18 W. Va. 763; 16 W. Va. 345; Dev. Deeds, § 1394, n. 4; 19 Vt. 49; Dev. Deeds, § 1419, n. 5; Id. § 1420; 4 Vt. 316; 25 Me. 362; 5 Gratt. 120; 14

Pet. 322; 45 Me. 270; 24 Mich. 360; 31 N. H. 575; 69 Me. 520; 19 W. Va. 230; 18 W. Va. 759.

ENGLISH, JUDGE:

On the 11th day of November, 1879, C. A. Snodgrass became the purchaser of a tract of land containing thirty acres, and situated in the county of Marion, at a sale of delinquent lands made by the sheriff of said county, and on the 29th day of December, 1880, John B. Crane, clerk of the County Court of said county, executed and acknowledged to said C. A. Snodgrass a deed for said tract of land. This tract of land was returned delinquent as the property of E. C. Snodgrass for the year 1878. In the early part of the year 1881 the said C. A. Snodgrass took possession of said tract of land under his deed from the clerk of the County Court, and remained in possession, paying the taxes assessed thereon until March, 1888, when one Solomon Knox took the possession thereof under authority from one Morgan Billingsley. E. C. Snodgrass was in possession of said tract of land at the time the sale was made, and had been since the spring of 1874.

On the 3d day of August, 1881, C. A. Snodgrass filed his declaration in ejectment in the Circuit Court of said county against Margaret R. Hawkinberry and V. W. Hawkinberry for the recovery of said tract of land, and during the pendency of said action of ejectment, to wit, on the first Monday in December, 1891, the said Margaret R. Hawkinberry and V. W. Hawkinberry filed their bill in equity in said Circuit Court against said C. A. Snodgrass, alleging that on the 14th day of June, 1889, the plaintiff Margaret R. purpurchased from one Morgan Billingsley a certain tract or parcel of land in said county of Marion on the waters of Pyles fork of Buffalo creek, consisting of thirty acres more or less, for the sum and price of six hundred dollars, and that plaintiffs took possession of said tract of land at the time of purchase and had ever since had the exclusive possession of the same and paid the taxes on the same ever since the said purchase; and that they were advised and believed that the said Morgan Billingsley, who owned the land prior to the said purchase by

the plaintiff as aforesaid, always paid the taxes on the same during all the time he owned the said land; and they exhibit a copy of said deed from Morgan Billingsley to the plaintiff Margaret Hawkinberry.    The plaintiffs then recite the facts as to the return of said tract of land delinquent for the nonpayment of the taxes for the years 1877 and 1878, in the name of E. C. Snodgrass, and the sale of the same by the sheriff of said county in the year 1879, and allege that the defendant C. A. Snodgrass claims to have become the purchaser thereof at said tax-sale, and to have obtained a deed therefor from the clerk of the County Court; that said C. A. Snodgrass had instituted said action of ejectment for the recovery of said land against them, claiming under said tax-deed from the clerk of said County Court, and alleging that the sale of said land by C. E. Manley, deputy for Harrison Manley, sheriff of Marion county, to said C. A. Snodgrass was erroneously, unlawfully and illegally made by said deputy sheriff in this, that section 6 of chapter 117 of the Acts of 1872–73, provides, that within ten days after receiving such lists the sheriff or collector shall set up one of them at the front door of the court-house of the county with a notice appended thereto, that the real estate mentioned in such list. or so much thereof as shall be sufficient to satisfy the taxes, *etc.*, will be sold at public auction between the hours of ten in the morning and four in the afternoon on the first day of the next succeeding term of the County Court of the county, *etc.;* that said sheriff failed and omitted within ten days after receiving such lists to set up one of them at the front door of the court-house of said county with a notice appended thereto, that the real estate mentioned therein would be sold at public auction at the front door of the court-house for said county between the hours of ten o'clock in the morning and four o'clock in the afternoon on the first day of the next succeeding term of the County Court of said county, and that said sheriff failed and omitted to show by his list of sales returned to the County Court of said county that the said sale of said land was made between the hours of ten in the morning and four in the afternoon of that day; that said failure and omission on the part of said deputy sheriff to show, that

said sale was made between said hours, was such an omission and irregularity as materially to prejudice the rights of the plaintiffs' grantor and the rights of the plaintiffs, and that said sale was illegal and void, and the deed made in pursuance thereof was inoperative and void; that said list of real estate does not legally and properly show the date of the sale thereof, for the reason that it does not appear from the list of the said sale, that it was made between the hours of ten in the morning and four in the afternoon, and such failure and omission is such an irregularity as materially to prejudice the rights of the plaintiffs' grantor and the rights of the plaintiffs; that said list of sales does not show definitely for what year said tract of land was sold for the nonpayment of taxes thereon, which omission and irregularity appearing upon the face of said return of said sale materially prejudices the rights of plaintiffs' grantor and the rights of plaintiffs, and is such an irregularity and omission as to render said sale illegal and void; that said deputy sheriff failed to subscribe his name to the oath subjoined to the list or return of sales, as required by section 13 of chapter 117 of the Acts of 1872–73, and that such failure or omission was such as materially to prejudice the rights of plaintiffs' grantor and the rights of plaintiffs, and render said sale of said land illegal and void, and said deed invalid, inoperative and void; and that all proceedings had subsequently to the sale of said land and in pursuance of said sale are null and void; that there is a material variance between the return of the said sale made by C. E. Manley, deputy sheriff for Harrison Manley, sheriff of Marion county, and the said tax-title-deed made by said clerk of the County Court of said county in this: that said deed recites that said sale was made by Harrison Manley, sheriff of said county, and that said sale was made between the hours of ten in the morning and four in the afternoon on the 11th day of November, 1879, while in fact the said list or return shows upon its face, that the said sale was made by Charles E. Manley, deputy sheriff for Harrison Manley, sheriff of said county, and said list or return of sale fails and omits to show that the said sale was made between said hours, and that the said variance between the said list or return of sale

and the deed is such an irregularity or omission as materially to prejudice the rights of the plaintiffs' grantor and the rights of the said plaintiffs, and to render the said deed invalid, inoperative and void; that said deed for said thirty acres of land, made by the clerk of the County Court aforesaid, was not made in pursuance of the return of the sale of said land and is a fraud upon the rights of the plaintiffs' grantor and upon the rights of the plaintiffs; that said tax-deed is a cloud upon the rights of the plaintiffs, and they have a right to come into a court of equity to have the same removed; that the land described in the return of the sheriff, and the land described in the said declaration in ejectment, and the land conveyed to the plaintiff Margaret R. by said Morgan Billingsley, are one and the same; and they pray that the said C. A. Snodgrass and any and all persons for him be enjoined from prosecuting the said action of ejectment until the further order of the court, and that the said tax-sale may be declared null and void, *etc.*

An injunction was awarded as prayed for by J. M. Hagans, judge of the Circuit Court of Marion county, on the 9th day of November, 1891.

On the 10th day of December, 1892, the defendant C. A. Snodgrass moved the court to dissolve the injunction awarded in said cause and also filed his answer to the plaintiffs' bill, in which he admits that said land was conveyed to Margaret R. Hawkinberry by a paper purporting to be a deed; that said land was charged on the land-books of said county to said Billingsley in the year 1886 and not before that year; he denies any irregularity in the sale of said thirty acres of land; he admits that said delinquent sale was made by the deputy sheriff, while his deed recites it was made by the sheriff, but he claims that the variance is immaterial, and that neither the plaintiffs nor their grantor were prejudiced thereby; he puts in issue all the material allegations of the plaintiffs' bill, and insists that the plaintiffs have no right to question said tax-deed made by the clerk of said County Court nor the sale in pursuance of which the said deed was made, nor any record or official act connected therewith.

The deposition of C. A. Snodgrass was taken in the

cause, and on the 12th day of July, 1893, a decree was
rendered in the cause overruling the motion to dissolve said
injunction, cancelling, annulling and setting aside the deed
made by said clerk of the County Court to C. A. Snodgrass,
and declaring the same void and of no effect, and perpetu-
ating the injunction awarded in the cause to the prosecu-
tion of said ejectment case; and from this decree the said
C. A. Snodgrass applied for and obtained this appeal.

The first error assigned by the appellants is, that neither
the said Margaret R. Hawkinberry and V. W. Hawkin-
berry nor either of them nor the said Morgan Billingsley,
their grantor, have or had any right to question the said
tax-deed from the clerk of said County Court to the said
C. A. Snodgrass, nor the sale in pursuance of which said
deed was made, as the record shows that said plaintiffs
and also said Billingsley were mere intruders upon said
land.

Now the delinquent sale at which the appellant became
the purchaser of said thirty-acre tract of land, appears to
have been made in the month of November, 1879, and the
deed to him from the clerk of the County Court bears date
on the 29th day of December, 1880; that the title to and
possession of said tract of land was in one E. C. Snodgrass
from the 30th day of March, 1874, and the land was for-
feited in his name for the non-payment of the taxes for the
years 1877 and 1878. The only title, upon which the
plaintiffs rely, is a deed bearing date the 14th day of June,
1889, from Morgan Billingsley and wife to Margaret Hawk-
inberry, in which it is recited, that it is the same land con-
veyed by Rawley Morris, trustee to said Morgan Billings-
ley, by deed dated June 2, 1884; and, if any weight is
given to this recital, the said plaintiff or those under whom
she claims do not appear to have had any claim to this
land until nearly five years after the delinquent sale, under
which C. A. Snodgrass became the purchaser.

Section 29 of chapter 117 of the Acts of 1872-73, which
corresponds with section 29 of chapter 31 of the Code in
many respects, provides: "In all cases in which a ques-
tion shall arise as to any such sale or deed, or the effect
thereof, such deed shall be *prima facie* evidence against the
43

owner or owners, legal or equitable, of the real estate at the time it was sold, his or their heirs or assigns, and all other persons who might have redeemed the same within said one year as hereinbefore provided, and conclusive evidence against all other persons; that the person named in the deed as recorder or clerk of the County Court was such; that the sheriff or other officer who made the sale was such sheriff or officer as stated in such deed; that the material facts therein recited are true, and that such estate as is mentioned in the twenty-fifth section of this chapter vested in the grantee of the deed."

At the time this tract of land was sold in 1879 there is no pretense that Margaret R. Hawkinberry or those, under whom she claims, were owners either legal or equitable of said tract of land. At that time and for years afterwards they must be regarded as entire strangers to the title, and in fact they have in no manner as yet shown any privity with the title that was forfeited and sold at the delinquent sale in November, 1879. So far as appears from the record, neither Margaret R. Hawkinberry nor any person, under whom she claims, ever had any right to redeem said real estate so sold; for section 15 of chapter 117 of the Acts of 1872–73 provides, that the owner of any real estate so sold, his heirs, assigns or any person having a right to charge such real estate for a debt may redeem the same by paying to the purchaser, etc., and section 29 of the same chapter provides, that "in all cases, in which a question shall arise as to any such sale or deed or the effect thereof, such deed shall be prima facie evidence against the owner or owners, etc., and all other persons who might have redeemed the same, etc., and conclusive evidence against all other persons, etc., * * * that such estate as is mentioned in the 25th section of this chapter vested in the grantee of the deed," meaning the title that was vested in the party assessed with the taxes, for which it was sold, etc.

The only question for our consideration in this case is as to the propriety of the decree complained of. Had the plaintiff any right to have the deed from the clerk of the County Court of Marion county to C. A. Snodgrass for said thirty-acre tract of land canceled and set aside and de-

clared to be void and of no effect? Such a decree having been obtained, the fact, that the deed made to C. A. Snodgrass by the clerk of the County Court has been set aside does not confer upon Margaret R. Hawkinberry the title which was sold at the delinquent sale. The plaintiffs in their bill claim that the deed from said clerk of the County Court to C. A. Snodgrass constitutes a cloud upon their title. Said thirty acres of land was, however, returned delinquent, in the name of E. C. Snodgrass, and vested in the state for the non-payment of the taxes for the years 1877 and 1878. So far as appears from the record, at that time neither Margaret R. Hawkinbery nor those under whom she claims, were entitled to redeem said tract of land as owners or otherwise. When said delinquent sale was made, the sheriff did not sell or offer to sell the title of the plaintiff Margaret R. Hawkinberry, or so far as the record shows, the title of any person, under whom she claims, but did expose to sale the title of E. C. Snodgrass, a title with which the plaintiff has shown no connection. Where Rawley Morris, trustee who conveyed to Morgan Billingsley, acquired his title does not appear, but the deed to Billingsley only dates back to June 2, 1884, and while it is true that a plaintiff in ejectment must rely on the strength of his own title and not on the weakness of his adversary's, yet, when the defendant in an action of ejectment comes into a court of equity and asks to set aside the deed of such plaintiff on the ground of irregularities in the delinquent sale and proceedings under which the tax title is conveyed, the plaintiff in such suit in equity can not prevail, if his relation to the title sold at the delinquent sale is such, that the tax-deed executed by the clerk of the County Court is conclusive against him.

High on Injunctions (volume 1, § 415) states the law in regard to equitable interference with proceedings at law as follows: "Where, therefore, complainants are in possession of real estate, they can not enjoin defendant who is out of possession from prosecuting an action of ejectment against them for the recovery of the premises upon the ground that the deed under which plaintiff claims is absolutely void, either for want of delivery and acceptance or because

obtained by duress or fraud, since in either event the defence in the action of ejectment would be complete"—citing *Bishop of Chicago* v. *Chiniquy*, 74 Ill. 317.

In this case Margaret R. Hawkinberry being neither the legal nor equitable owner of the title to said real estate, at the time it was sold, and not having been entitled to redeem the said land within one year, as provided by statute, said deed could not be regarded as *prima facie* but must be considered conclusive evidence against her, that the material facts recited in said deed are true, and that such estate was vested in the grantee, as was vested in the said E. C. Snodgrass at the commencement of or at any time during the year or years, for which said taxes were assessed, and in any other person or persons having title thereto, who have not in his or their own name been charged on the assessor's books of the proper county or district with the taxes on said real estate for the year or years, for the taxes of which the same was so sold, and actually paid the same as required by law.

Black in his valuable work on Tax Titles (§ 452) gives a clear and lucid statement of the law on this point. Under the heading, "Extent of Legislative Power to make Tax-Deed Conclusive," he says: "But, keeping in mind the general control of the legislature over remedies, and its power to validate irregular or defective proceedings where the act omitted was one which the legislature might have dispensed with in advance, or where the irregularity consists in something which it might have declared immaterial, it will be evident that there are some points in the tax proceedings in regard to which the deed may be lawfully made conclusive; for, if the legislature has power to obviate these objections by a retroactive curative statute (which can not be doubted) it plainly has power to accomplish the same result by making the tax-deed conclusive. It is immaterial what means are employed. What the legislature may do in one way it may do in another. In both cases the power is present and the end is identical. The rule may therefore be stated as follows : Any statute is unconstitutional which attempts to make a tax-deed conclusive evidence as to jurisdictional facts, or facts vital to

the exercise of the power of taxation or sale, as distinguished from such facts as are merely formal, or of routine, or pertaining to the regularity or the manner of the exercise of such power."

This doctrine has been well set forth and explained in a recent decision of the court in Louisiana, from which we quote as follows: "There are, however, certain requirements absolutely essential to constitute a valid exercise of the taxing power, without which no tax-sale could be validly made. The chief of these indispensable réquirements are:—First, that a tax has been levied; second, that the property sold is subject to taxation; third, that the property has been assessed; fourth, that the taxes had not been paid; fifth, a statutory warrant for the sale; sixth, a sale made under such warrant. Any statute authorizing the sale of a man's property for taxes which had not been levied, or where the property was exempt from taxation, or where the property had not been assessed, or where the taxes had been duly paid, would unquestionably be a taking in excess and outside of the taxing power, and such taking would not be with due process of law."

So, any statute which would attempt to cure such substantial defects, or should attempt to debar the owner from proving, in defence or assertion of his right, that a pretended tax-sale was wanting in any of the essential prerequisites, would violate the constitution, and could not be enforced. But, outside these fundamental and *quasi* jurisdictional requirements, and with reference to the time and manner in which the tax proceedings shall be conducted, the legislative discretion is supreme and can not be judicially controlled. As the legislature may in advance prescribe and direct the time and manner, in which these things shall be done, it may likewise provide, that failure to comply with such direction shall not defeat the sale, and may constitutionally provide, that the tax-deed shall be conclusive evidence that such directions were complied with as to time, manner, and every other matter originally within the legislative direction. Broadly stated the doctrine is that the legislature may make the tax-deed conclusive evidence of compliance with every requirement, which the legislature

might originally in the exercise of its discretion have dispensed with."

The same author, in § 430, under the head of "Parties Plaintiff," says: "It may be regarded as settled that the right to bring suit for the purpose of setting aside a tax sale, and having the deed declared void, is not confined to the original owner of the land, but may be exercised by his mortgagee or other creditors, and, we presume, by any person who can show such an interest in the estate as would have entitled him to redeem"—citing *Miller* v. *Cook*, 135 Ill. 190 (25 N. E. Rep. 756) where the same thing is held.

This ruling, as we have seen, is in accordance with our statute; and the plaintiff in this case not having shown herself to be either the owner of the title to the real estate in controversy, at the time the same was sold, or for any other reason entitled to redeem said tract of land, my conclusion is that the plaintiff in said bill was not entitled to have said tax-sale declared null and void for irregularities and omissions of duty of the officers making the same, or to enjoin the said C. A. Snodgrass from prosecuting said action of ejectment, and the decree complained of must be reversed, the injunction dissolved, and the plaintiff's bill dismissed with costs, *etc.*