# CHARLESTON.

DESPARD, ADM'R, v. PEARCY et al.

Submitted September 10, 1907. Decided February 9, 1909.

1. TAXATION—*Setting Aside Tax Deeds—Persons Entitled to Sue.*
   To set aside a tax deed the complainant must show in himself title to, or right to redeem, the land. If he has neither, he has no equity enabling him to disturb a tax deed in relation to it. (p. 141.)

2. EQUITY—*Evidence—Sufficiency—Waiver of Objections.*
   A plaintiff is responsible for his own showing, and a defendant is not called upon to remind him of insufficiency in weight of his evidence, by exception thereto before submission of the cause. (p. 142.)

3. BANKRUPTCY—*Deed from Assignee—Effect as Evidence.*
   In suits pending prior to the passage of chapter 76, Acts of 1907, a deed from assignees in bankruptcy is not evidence of title, unless there is introduced in support of it enough of the record of the proceedings of the bankrupt court on which it is based to vouch authority for its execution and to show that the court had jurisdiction of the person whose property is directed to be conveyed and of the subject-matter. (p. 142.)

4. EVIDENCE—*Presumptions—Failure to Present Evidence.*
   If a party have it in his power to present a fact necessary or beneficial to his case, his failure to present it is taken as conclusive of the non-existence of such fact. (p. 142.)

Appeal from Circuit Court, Doddridge County.

Bill by Burton M. Despard, administrator, against Charles L. Pearcy and others. Decree for complainant, and defendants appeal.

*Reversed and Bill Dismissed.*

J. V. BLAIR and EDWARD A. BRANNON, for appellants.

JOHN BASSEL and W. S. STUART, for appellee.

ROBINSON, JUDGE:

The case arises upon a bill to set aside a tax deed. The decision to which we have come precludes the relevancy of our noticing all the assignments of error. It is really enough to say that plaintiff's case, in issue by the answers, was not supported by proof. Therefore, the decree must fall.

To set aside a tax deed the complainant must show in himself title to the land or right to redeem. If he has no title to the land, or right to redeem it, he has no equity enabling him to disturb a tax deed in relation to it. The bill alleged title in plaintiff, on behalf of the estate represented by him, and set forth that his title was derived from the party in whose name occurred the delinquency upon which the tax deed rests. It was averred that such party's title to the land had been acquired by plaintiff under a sale of the land in bankruptcy proceedings relating to the estate of that former owner. The bill also averred that plaintiff was compelled to purchase the land in those proceedings to protect said estate because of a vendor's lien held thereon. Exhibited with the bill was a deed to plaintiff, for this land, from the assignees in bankruptcy, as it purported on its face. The answers put in issue these averments of the bill. Infant defendants, by answer through a guardian *ad litem*, demanded the protection of the court and full proof. By submission of the cause without further evidence of title or right affording the relief asked, the plaintiff rested his case upon this deed. He did not even prove the alleged vendor's lien as a showing of right to redeem and as an equity justifying him to attack the tax deed in the event his claim of title failed.

The recitals of the deed, it is true, take the title to a common source with that of the tax deed, so to speak. *Hawkinberry* v. *Snodgrass,* 39 W. Va. 332. But its recitals, without more, cannot be relied upon as evidence of what they relate. Mere failure on the part of the defendants to except to this deed, as contended, does not apply. The deed was simply an exhibit with the bill. It, alone, was not simply inadmissible evidence, but no evidence at all of the facts recited in it to justify the conveyance. Here we have not a question of lack of authentication of papers, as in *Dent* v. *Wait's Adm'r,* 9 W. Va. 44, relied upon by counsel; but we have a question of lack of proof of allegations of a bill put in issue by proper pleadings. The deed was properly authenticated; yet it did not prove the case made by the bill. Nothing else was offered to support the bill, in respect to plaintiff's title or other right in plaintiff. So it is mere failure to offer evidence, not evidence offered which is manifestly improper for want of authenticity or the like. There

need be no exception to submission of a cause without proof of plaintiff's case. The plaintiff is responsible for his own showing. The defendant is not called upon to remind him by exception as to the insufficiency in weight of the whole case before it is too late. Such insufficiency arises upon the hearing.

The recitals in the deed to plaintiff are not evidence that plaintiff derived the title of the bankrupt and former owner of the land, as alleged. There are many authorities supporting the principle that the recitals in such deed do not prove the facts related in them. Some of the cases are: *Hagan* v. *Holderby,* 62 W. Va. 106; *Guinn* v. *Bowers,* 44 W. Va. 507; *Waggoner* v. *Wolf,* 28 W. Va. 820; *Warren* v. *Syme,* 7 W. Va. 474. Perhaps the one most directly in point here is the one last cited, wherein it is held: "A recital in a deed, under the bankrupt act of 1841, that a person was by the United States District Court declared a bankrupt, and that the grantor was assignee and was ordered to sell the property granted, is not evidence of the facts recited, against a person claiming the property otherwise than through or under the grantor." It was essential to introduce in support of plaintiff's deed enough of the record of the court of bankruptcy, upon which it was founded, to vouch the authority for its execution, from a court having jurisdiction of the person whose property is conveyed by its order and having jurisdiction of the subject-matter involved. But in this particular there was total failure, and thereby plaintiff failed to prove title in himself.

Failure of a party to present a fact necessary to his case, when to offer that fact in evidence lies within the power of such party, must be taken as conclusive that such fact does not exist. *Wells-Stone Mer. Co.* v. *Truax,* 44 W. Va. 531. This principle is only a logical and sensible one. Since plaintiff did not support his bill by proof under the well-known rules of law, within the long time afforded him in the progress of the suit, we can only assume that it was impossible for him to do so. He submitted his suit upon a case made; by it he must stand or fall. He had his day. If wrong was done him, it was his own act. "Every man is the architect of his own fortune."

This suit, pending long prior to the enactment of chapter 76, Acts of 1907, is, by the very terms of that legislation, excepted from the changes made therein which affect such deed as evi-

dence. By that enactment, a deed like the one under considera-
tion, recorded more than ten years, in the absence of evidence
to the contrary, is presumed to pass the title of all persons which
the deed professes to convey, when offered as evidence. in suits
brought after the passage of the aforesaid legislation. *Feder,
Adm'r* v. *Hager,* 63 S. E. 285.

We assume that the attention of the learned chancellor in
the court below was not directed to the character of this deed.
The contest appears to have centered upon the charge of the in-
validity of the tax deed because of the sheriff's failure to make
return of the delinquent sale in the time provided by the law
governing the proceedings upon which the tax deed is based. All
attention seems to have been drawn from plaintiff's deed to the
tax deed. We impute no ignorance of the law herein discussed
to the court below.

Title, or right to redeem, essential to plaintiff's right to main-
tain his case as alleged, not being shown, his bill should have
been dismissed. The decree annulling the tax deed is erroneous,
and we reverse it. The bill is now here dismissed, with costs.

*Reversed and Bill Dismissed.*