HENRY H. BATTEY, LILA G. BATTEY, HIS WIFE, GRACE B. BAYARD, GEORGE M. BATTEY, MATTIE B. CRICHTON, E. C. CRICHTON, BESSIE B. TROUTMAN, AND MARY B. KING, *Appellants*, v. ROBERT BATTEY, *Appellee*.

### En Banc.

### Opinion Filed August 3, 1926.

1. Where the bill makes any case for equitable relief and the demurrer filed thereto is directed to the whole bill, or where certain grounds of the demurrer are directed to the bill in its entirety and others to only a part of the bill, the demurrer will be overruled.

2. Where a party agrees to buy and another to sell several parcels of land for a valuable consideration, and a deed is executed in pursuance of said contract, and by inadvertence in describing the property a part contracted to be sold is omitted therefrom, and the purchase price for all the tracts has been paid, a case for reformation of the deed is clearly made out.

An Appeal from the Circuit Court for Lee County; George W. Whitehurst, Judge.

Ordered affirmed.

*J. Bowers Campbell* and *Treadwell* and *Treadwell*, for Appellants;

*Cyrus Q. Stuart*, for Appellee.

LONG, Circuit Judge.—This is an appeal from an order of the Circuit Judge in and for Lee County, Florida, overruling a demurrer to the bill.

The bill in substance alleges that one William C. Battey, a bachelor, died intestate seized and possessed of certain lands in Lee county, Florida leaving as his sole heir at law his mother, Martha B. Battey; that in December, 1917, Martha B. Battey entered into an agreement to sell to appellee all of the lands of the estate of William C. Battey, deceased, in Lee County, for the sum of $4,000.00, and on the 10th of January, 1918, executed a deed to appellee intending to convey all of the lands in said county belonging to said estate; that a part of the land purchased was through the mutual mistake of both parties inadvertently omitted from the deed; that in February of 1922, Martha B. Battey died, leaving surviving her appellants in this cause; that as soon as the omission of said lands from the deed was discovered he made demand on defendants (appellants here) to correct the error; that he has had supervision of the property, paid the taxes thereon, and has been recognized by defendants as the owner of all of the lands belonging to said estate.

The demurrer filed to test the sufficiency of the bill is directed to the bill as a whole.

It has been held by this court that when a demurrer is directed to the entire bill, that if the bill contains any equity the demurrer should be overruled.

"In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill; but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief." Holt v. Hillman-Sutherland Co., 56 Fla. 801, 47 South. Rep. 934.

In the case of Raulerson v. Peeples, 79 Fla. 367, 84 South. Rep. 370, this court said: The bill sets up that there was a mistake in the description of the land in the deed, and prays for a reformation of such deed. This is certainly sufficient to give equity jurisdiction for the reformation of the deed.

"If the plaintiff duly contracted to buy of the defendant and the defendant agreed to sell to the plaintiff for a valuable consideration several pieces or parcels of land, and, if in pursuance of said contract, a deed was made by the defendant to the plaintiff, wherein and whereby by mistake and inadvertence in describing the property conveyed, there was omitted therefrom an important part of the property contracted to be sold, and if the purchase price being a round sum for all the tracts has been paid, a case for the reformation of the deed was clearly made out." Wasatch Min. Co. v. Crescent Min. Co., 148 U. S. 293, 13 Sup. Ct. Rep. 600. Of course the proofs must conform to applicable rules of law.

The order of the Chancellor is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause should be, and the same is hereby affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL. STRUM AND BUFORD, J. J., concur.