GIBBS CROMPTON, also known as G. CROMPTON, v. A. J. KIRK-
LAND.

24 So. (2nd) 902                                 January Term, 1946
February 15, 1946                                     Division B

*D. Neil Ferguson,* for appellant.

*Chas. A. Savage* for appellee.

BROWN, J.:

This case was brought to this Court on an appeal taken from an order of the circuit court dismissing appellant's bill of complaint wherein the appellant sought to have the description of certain deeds construed and a decree that the defendant's deed which he obtained from the Trustees of the Internal Improvement Fund of the State of Florida embraces no part of the lands of the plaintiff and that the defendant and all persons claiming by, through, or under him be forever enjoined and restrained from asserting any right, title, or interest in the lands so owned by plaintiff, the cancellation of the record of such deed as a cloud on plaintiff's title, and the issuance of a stay order restraining the appellee from prosecuting his ejectment suit on the common law side of the court pending the final conclusion and disposition of the matters set forth in the bill of complaint.

The appellant in his bill alleged that he, by warranty deed, did on March 27, 1943, acquire title to, become seized and possessed of a portion of Block Number Thirteen in Cline's Subdivision described in words and figures in the following manner:

"Commencing at a point sixty feet north of the southeast corner of Lot Number Thirteen of Cline's Addition to the City of Ocala, according to plat recorded in Plat Book "A" at page 58 of the public records of Marion County, Florida, thence west 104.6 feet thence north sixty feet, thence east 104.6 feet, thence south sixty feet to the point of beginning, same being

in the northeast quarter of the northwest quarter of section 18, township fifteen south, range twenty-two east:"

Appellant further alleged that said Lot Number Thirteen is what is known as a "fractional block," that it is not of the same dimensions as the regular square lots or blocks of said subdivision, that it is not a parallelogram, but a trapezoid with no sides of equal length, as reference to the plat attached and made a part of such bill of complaint will show; that the south line of said Lot Number Thirteen is 204.6 feet in length and that said Lot Number Thirteen contains only 69/100 of an acre whereas the regular square blocks of said subdivision contain one acre.

Appellant further alleged that said Lot Number Thirteen has been assessed for taxes for many years by the description "southeast quarter," "southwest quarter" and "north half," that appellant's land is embraced in the description "southeast quarter" of said Lot Number Thirteen, that the taxes on the said southeast quarter of the said Lot Number Thirteen were paid by appellant's predecessor in title for a period of fifteen years immediately prior to appellant's acquisition thereof, and that the description "southeast quarter" was used for purposes of assessing and taxing the land of the plaintiff's predecessors in title for a number of years prior thereto; that the southeast quarter and the southwest quarter of said Lot Number Thirteen combined contain area equivalent to that of the south half of any regular square block of said subdivision. That the north half of said Lot Number Thirteen abutting the railroad right-of-way which traverses the subdivision is a fractional north half and contains area less than that of the north half of the regular square blocks of the said subdivision. That the description "southeast quarter" has been used to describe the land of the plaintiff and his predecessors in title for purposes of assessing and collecting taxes for a period of fifty years on the general understanding that the southeast quarter of said Lot Number thirteen embraced the land of plaintiff's predecessors in title described as 104.6 feet east and west by 120 feet north and south in the southeast corner of said Lot Number Thirteen; and that such division of the said Lot number Thirteen has been recog-

nized by taxing authorities and owners and has been consented to and acquiesced in by abutting owners from the time of the ownership of the man who platted the land until the defendant acquired his tax title hereinbelow described.

The appellant further alleged that the appellee, A. J. Kirkland, on May 23, 1944, obtained a deed from the Trustee of the Internal Improvement Fund of the State of Florida to the following described land.

"N½ of Bk 13 Cline's Sub. Plat Bk "A" P. 58."

That said land had reverted to the Trustees of the Internal Improvement Fund of the State of Florida on June 9, 1939, under tax certificate number 1937 of August 3, 1933, and certificate number 13223 of August 7, 1933, and that the said appellee, A. J. Kirkland, immediately upon receipt of said deed attempted to take possession of a portion of plaintiff's land, claiming that plaintiff's land and houses were on the "north half of said Lot Number Thirteen, and that the said appellee, A. J. Kirkland, has instituted in the Circuit Court of Marion County, Florida, on the common law side thereof, an ejectment suit against appellant and his wife, seeking to take from the appellant the lands he owns as aforesaid; that the description of the appellee's land is indefinite and uncertain under the facts and circumstances and that appellee has acquired no right, title, or interest in the lands of the appellant; that the said Kirkland is the purchaser of an indefinite quantity of land, and is not an innocent purchaser, but took said deed charged with notice of all rights of adjoining land owners, and that the said Kirkland can not claim beyond the line dividing the southeast quarter and the southwest quarter (which constitutes the south half of said Lot Number Thirteen) from the fractional north half thereof, a dividing line that has been recognized, consented to and acquiesced in by all parties interested and involved for a period of fifty years, and that the said Kirkland is confined under said deed to that part of said Lot Number Thirteen north of the north line of plaintiff's property and no more.

It is to be remembered that on this appeal all facts well pleaded are admitted to be true. Battey v. Battey, 92 Fla. 512, 109, So. 584. We are of the opinion that plaintiff's bill

of complaint as filed in the court below stated a cause for equitable cognizance and made out a case for the interposition of a court of equity, and that it was error for the chancellor below to dismiss the bill and to deny an order staying the further prosecution of the common law ejectment suit.

This Court enunciated a rule concerning equity jurisdiction in this State in the case of Raulerson v. Peeples, 79 Fla. 367, 84 So. 370. In this case the rule is stated by the Court to be that equity may take jurisdiction and enjoin the prosecution of an ejectment suit where there is a mistake or erroneous description in the deed under which he, the defendant in the ejectment action, entered into possession, and it is necessary to his proper defense to produce his deed in evidence with the correct description; but will not enjoin the prosecution of such ejectment suit if the deed as reformed would constitute no defense. In this case it is admitted that there is a mistake and that the description of defendant's land is erroneous. It is alleged in the bill in this case that the taxing authorities in using the description "southeast quarter of Lot Number Thirteen of Cline's addition to the City of Ocala" have done so for approximately fifty years under the general understanding that such description described the land which had been described of record as 104-6 feet east and west by 120 north and south in the southeast corner of Cline's Subdivision, in which plaintiff's land is embraced in the north half thereof. This being admitted by the motion to dismiss, it follows that lands in the fractional north half of said Lot Number Thirteen of Clone's Subdivision described in the tax certificates as the north half of said Lot Number Thirteen and the same being sold at a tax sale and a tax deed containing this description being issued thereon, would not divest plaintiff of his property south of the line dividing the south half from the fractional north half. Ropes v. Minshew, 51 Fla. 299, 41 So. 538.

In the case of Hawkinberry v. Snodgrass, 39 W. Va. 332. 19 S.E. 417, cited by this Court in Byrne v. Brown, 40 Fla. 109, 23 So. 877, the defendant in ejectment sought the interposition of equity to enjoin the further prosecution of an ejectment suit against him by the holder of a tax deed upon the

ground of irregularities. In that case equity refused to interfere because "they (plaintiffs) have in no manner as yet shown any privity with the title that was forfeited and sold at the delinquent sale." In the case now before this Court the appellant shows privity with the title to the land in dispute, the land to which he derainged title and to which it was understood by the taxing authorities and taxpayers to be the property of the plaintiff and his predecessors in title for fifty years and which recognition and understanding was consented to and acquiesced in by abutting owners until the defendant in the equity suit procured his tax deed erroneously describing and embracing a portion of plaintiff's property. An eminent authority on injunctions wrote: "Actions of ejectment may also be enjoined in equity when the relief is necessary for the purpose of preventing a cloud upon title. Thus, the owner in fee of real property may restrain the prosecution of an action of ejectment by a claimant under a sheriff's deed which vests an apparently good title in the grantee, on the ground that the sheriff's deed constitutes a cloud upon the title." High on Injunctions, Vol. 1, 4th Ed. Sec. 420. This rule has also been enunciated: "So if land is sold for a tax improperly assessed, the true owner, if in possession, may maintain a bill in equity against the tax purchaser to quiet title." Black on Tax Titles, 2nd Ed. Sec. 439.

It is strongly urged by the appellee that such matters as plaintiff set forth in his bill of complaint could have been and should have been asserted by way of pleas on equitable grounds as provided by Sec. 52.20, Florida Statutes of 1941, F.S.A., the pertinent provision of which is "The defendant in any cause in any of the courts of this state, in which if judgment were obtained he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading the facts which entitle him to such relief by way of defense." It may be noted that appellant does not seek to defeat defendant's ejectment in its entirety. He merely seeks a correction of defendant's tax deed so that it will not embrace any part of plaintiff's land.

It cannot be doubted that where, as here, plaintiff prays for a correction or reformation of an erroneous description in

a deed, that equity is the proper forum, where such reformation is necessary for the protection of his rights in real property. Battey v. Battey, supra, Raulerson v. Peeples, supra. Since a prayer for reformation is a prayer for affirmative relief, only a court of equity is competent to grant such relief as prayed. Osceola Fertilizer Co. v. Beville, 86 Fla. 479, 98 So. 354; People v. Rogers, 104 Fla. 462, 140 So. 205.

After having considered the record of this cause, we are of the opinion that appellant's bill makes a case for equitable relief. Our conclusion is that the decree granting the motion to dismiss appellant's bill of complaint, should be reversed, with directions to enter a proper temporary restraining order and to proceed with the equity cause in accordance with equity practice and consistent with the foregoing opinion.

It is so ordered.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.