487 So.2d 1032 (1986)
FLORIDA PATIENT'S COMPENSATION FUND, Petitioner,
v.
Joseph TILLMAN, et al, Respondents.
ST. MARY'S HOSPITAL, Petitioner,
v.
Joseph TILLMAN, et al., Respondents.
ST. MARY'S HOSPITAL, Appellant,
v.
Joseph TILLMAN, et al., Appellees.
Bruce WAXMAN, M.D., Petitioner/Cross-Respondent,
v.
Joseph TILLMAN, et al., Respondents/Cross-Petitioners.
Nos. 65736, 65997, 65998 and 66025.
Supreme Court of Florida.
February 27, 1986.
Rehearing Denied May 28, 1986.
*1033 Richard B. Collins, Robert W. Goldman and Samuel R. Neel, III of Perkins & Collins, Tallahassee, for Florida Patient's Compensation Fund, petitioner.
David F. Crow and Rosemary Cooney of Paxton, Crow & Bragg, West Palm Beach, for St. Mary's Hospital, petitioner and appellant.
Robert M. Klein and Debra J. Snow of Stephens, Lynn, Chernay and Klein, Miami, for Bruce Waxman, M.D., petitioner/cross-respondent.
*1034 Kocha & Houston, P.A., West Palm Beach and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for Joseph Tillman, respondents, appellees and cross-petitioners.
PER CURIAM.
We have before us by petition for review Florida Patient's Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984), due to express and direct conflict with Taddiken v. Florida Patient's Compensation Fund, 478 So.2d 1058 (Fla. 1985), and Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla. 1985). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
The facts in this medical malpractice action, as stated by the district court, are as follows:
Joseph Tillman developed a knee problem which required the surgical implantation of a two-element prosthesis manufactured by Howmedica, Inc. The surgery was performed by Dr. Bruce Waxman at St. Mary's Hospital on April 12, 1978. The prosthetic device obtained by St. Mary's Hospital from another hospital consisted of a tibia component and a fibula component. Each of these components is manufactured in two sizes. The prosthesis inserted in Tillman's knee consisted of mismatched components. Shortly after the surgical procedure Dr. Waxman advised Tillman that mismatched elements had been implanted in the knee. Some difficulty with the knee was encountered by Tillman almost immediately, and ultimately another surgeon performed corrective surgery which, because of deterioration of bone structure, required that the knee be fused.
On February 29, 1980, plaintiff Tillman filed his initial complaint naming St. Mary's Hospital and Howmedica, Inc., as defendants. On December 2, 1980, Dr. Waxman was added as a defendant. On July 9, 1981, Florida Patient's Compensation Fund was added as a defendant. Subsequently, Waxman and the Fund filed motions for summary judgment based upon the statute of limitations. Both motions were denied and the case proceeded to trial. During trial Dr. Waxman made a motion for directed verdict based upon the statute of limitations. The motion was denied. St. Mary's motion for directed verdict, based on the argument that there was no evidence on the hospital's standard of care or its negligence, was likewise denied. Also during the trial Dr. Waxman withdrew his affirmative defense of comparative negligence.
At the conclusion of the trial the jury found Tillman 12% negligent, St. Mary's Hospital 8% negligent, and Dr. Waxman 80% negligent. The jury found the total amount of damages to be $150,000. The trial court entered judgment on May 7, 1983, awarding Tillman $130,000 after reducing the damages by 12%, representing Tillman's comparative negligence... . Thereafter, the trial court awarded attorney's fees to Tillman... .
Tillman, 453 So.2d at 1378. Tillman, Dr. Waxman, St. Mary's Hospital (St. Mary's) and the Florida Patient's Compensation Fund (Fund) all appealed. The district court affirmed all but the attorney's fees to Tillman and the reduction of Tillman's award from Dr. Waxman due to Tillman's comparative negligence. Dr. Waxman, St. Mary's and the Fund have petitioned for review.

DR. WAXMAN
Dr. Waxman argues here, as he did to the district court, that Tillman's claim was barred by the two-year malpractice statute of limitations, section 95.11(4)(b), Florida Statutes (1979). Under the statute, discovery of the "incident giving rise to the cause of action" is the crucial date that triggers the running of the statute. The evidence on this issue was conflicting, Dr. Waxman contending that Tillman discovered the incident as early as April, 1978, when he told Tillman of the mismatched components, or during the period thereafter when Tillman felt he was *1035 not improving, and Tillman contending that Dr. Waxman assured him continuously that he was improving and that he had no reason to believe otherwise until January or February of 1979 when Dr. Ennis took x-rays and told him he needed another operation. We believe that the district court was correct in concluding that the evidence presented was sufficient to take the statute of limitations issue to the jury and sustain the finding that the cause of action was not barred.
Dr. Waxman argues in Issue II that the jury instruction and the jury verdict form on the statute of limitations were improperly presented to the jury. Although he argued to the trial court in opposition to Tillman's requested instruction, he did not present the court with a written proposed alternative instruction, and he conceded this point at oral argument. Moreover, we find no reversible error here, where the instruction tracked the applicable statute of limitations. Counsel referred in his motion for new trial to the "Defendant's Requested Jury Verdict Interrogatory Form," but we have not found such a form in the record. Tillman's counsel suggested at oral argument that the form was submitted sometime after the charge conference, during which the court had ruled that it would give the jury Tillman's form over Dr. Waxman's objection. We need not dwell on the manner in which the form was opposed by Waxman, as we find nothing wrong with the instruction as given or the jury verdict form.
We approve the district court's resolution of Issue III regarding assessment of Dr. Waxman for the full measure of damages despite a jury finding of comparative negligence: "having withdrawn his defense of comparative negligence and so informing the jury, Waxman will not be permitted to take advantage of the defense simply because it is now to his benefit to do so." 453 So.2d at 1383. A defendant should not be allowed to waive a defense before the jury for strategy reasons and subsequently use the defense in the jury's absence.
Tillman cross-petitions, arguing that the district court incorrectly held that he was not entitled to attorney's fees against Dr. Waxman. We approve the district court on this point. In Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985), this Court held that section 768.56 may not be applied to a cause of action that accrued prior to its effective date of July 1, 1980.

ST. MARY'S
St. Mary's first argument is that the district court erred in holding the limitation of liability provisions of section 768.54, Florida Statutes, unconstitutional. We agree and quash that portion of the district court's decision. We upheld the constitutionality of the statute in Von Stetina. We approve, however, the district court's resolution of the issue of St. Mary's liability. Evidence established that the hospital deviated from its regular standard of care by not checking the components before surgery. The medical testimony was to the effect that there would have been an added measure of stability to the knee if the components had been matched. It was properly a jury question as to whether the hospital was negligent, whether its negligence more likely than not contributed to the injury sustained, and to what extent it did so.

THE FLORIDA PATIENT'S COMPENSATION FUND
Finally, we reach the issue of whether section 95.11(4)(b) bars recovery from the Fund in medical malpractice actions brought against the Fund after the two-year statute of limitations period has expired. We held in Taddiken that it does, and we therefore quash the decision of the district court on this point.
The decision under review is approved in part, quashed in part, and remanded for proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
*1036 McDONALD, J., concurs in part and dissents in part with an opinion, in which BOYD, C.J., concurs.
McDONALD, Justice, concurring in part and dissenting in part.
I concur with the opinion except on the pronouncement that the plaintiff's damages should not be reduced by the amount of his comparative negligence. Tillman's comparative negligence was an issue in the case. The jury was fully apprised of the fact that a finding that Tillman was negligent would reduce the amount of his judgment accordingly. The jury found Tillman to be twelve per cent negligent and hence Tillman's judgment should be reduced twelve per cent, even if Waxman left the responsibility of pursuing this issue to a codefendant.
BOYD, C.J., concurs.