593 So.2d 249 (1992)
Phyllis Kaye TANNER, individually, and James R. Tanner, individually and as Personal Representative of the Estate of Baby Boy Tanner, deceased, Appellants,
v.
Ellie M. HARTOG, M.D., Alberto Duboy, M.D., Hartog and Duboy, P.A., and Lakeland Regional Medical Center, Appellees.
No. 91-00057.
District Court of Appeal of Florida, Second District.
January 3, 1992.
On Motion for Rehearing and to Certify January 31, 1992.
*250 Kennan George Dandar of Dandar & Dandar, P.A., Tampa, for appellants.
Philip D. Parrish and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellees Ellie M. Hartog, M.D., and Hartog & Duboy, P.A.
Marilyn Drivas and Jerry L. Newman of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for appellees Alberto Duboy, M.D., and Hartog and Duboy, P.A.
Robert L. Trohn and Charles T. Canady of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee Lakeland Regional Medical Center.
SCHEB, Acting Chief Judge.
The appellants, the parents of a stillborn child, filed a medical malpractice action on August 1, 1990 against the appellees, the physicians and the hospital involved in the delivery of their child.[1] The trial court granted the appellees' motions to dismiss the appellants' amended complaint on the ground the two year statute of limitation for medical malpractice actions had expired. We affirm.
According to the appellants' amended complaint, on March 31, 1988, Mrs. Tanner saw her treating physicians, Drs. Ellie M. Hartog and Alberto Duboy. After examining Mrs. Tanner, the physicians sent her to Lakeland Regional Medical Center for testing. On the following morning, the baby was delivered stillborn at the hospital.[2] The appellants further alleged:
Not until December 29, 1989, did the Plaintiffs know or should have known that the actions and inactions of the Defendants fell below the standard of care recognized in the community.
In response, the appellees separately filed motions to dismiss the appellants' amended complaint. They argued, among other points, that section 95.11(4)(b), Florida Statutes (1987), the two year statute of limitations governing medical malpractice actions, barred the appellants' suit.
The trial court granted the motions and dismissed the appellants' amended complaint, with prejudice. The court reasoned:
The Florida Supreme Court has recently held that "the limitation period commences when the plaintiff should have known either of the injury or the negligent act." Barron v. Shapiro, 565 So.2d 1319 (Fla. 1990) (emphasis added). In the present action, the alleged act of medical malpractice clearly occurred on March 31, 1988. The plaintiffs sent letters of intent to file this action to the defendants on February 12, 1990, thus tolling the two year statute of limitation period as provided in Section 766.106, Florida Statutes. Plaintiffs therefore had until July 12, 1990 to file this action.
This appeal ensued.
The dispositive issue on appeal is whether, as a matter of law, based upon the pleadings before the trial court, the two year statute of limitations as extended by the tolling period in section 766.106, Florida Statutes (1987), had expired prior to the filing of the appellants' complaint. Section 95.11(4)(b), Florida Statutes (1987), provides:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action *251 occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued... .
In moving to dismiss, the court must consider all of the facts pled in an amended complaint as being true. Crompton v. Kirkland, 157 Fla. 89, 24 So.2d 902, 904 (Fla. 1946); H.E. Temples v. Florida Indus. Constr. Co., Inc., 310 So.2d 326 (Fla. 2d DCA 1975). The appellants submit that nothing in their amended complaint indicates they knew prior to December 29, 1989 that there was an injury at the time of death on April 1, 1988, or that the appellees had committed medical negligence. Moreover, they assert that there was nothing before the court "concerning whether or not the death of their baby in utero was an obvious injury or simply a natural occurrence." Therefore, they conclude the court erred in determining at this posture of the case that the statute of limitations had expired prior to their having filed suit.
The appellees, on the other hand, argue that it is "beyond peradventure" that the appellants were injured on March 31, 1988, the day their child was delivered stillborn. Thus, they assert the appellants were on notice of a possible invasion of their legal rights at that time.
Generally, where there is a question as to notice or discovery in a medical malpractice action, it is for the factfinder to decide when the statute of limitations commences. See Florida Patient's Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984), approved in part, quashed in part, 487 So.2d 1032 (1986); Phillips v. Mease Hosp. and Clinic, 445 So.2d 1058, 1061 (Fla. 2d DCA), review denied, 453 So.2d 44 (Fla. 1984). And, ordinarily the statute of limitations must be raised as an affirmative defense. However, the alleged expiration of the limitations period may be asserted on a motion to dismiss for failure to state a cause of action. Fla.R.Civ.P. 1.110(d) and 1.140(b)(6). Furthermore, where the medical malpractice allegations appearing on the face of the complaint establish that the appellants knew of the incident or occurrence giving rise to their cause of action, the trial court may properly grant the appellees' motion to dismiss. Abston v. Bryan, 519 So.2d 1125 (Fla. 5th DCA 1988).
We now briefly examine the relevant decisional law construing section 95.11(4)(b). In the seminal case of Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), the Florida Supreme Court stated that in an action for medical malpractice, the statute of limitations period begins to run when either the plaintiff has notice of the negligent act giving rise to the cause of action or has notice of the physical injury which is the consequence of the negligent act. Id. at 32. Subsequently, in Barron v. Shapiro, 565 So.2d 1319, 1322 (Fla. 1990), the court held that the limitations period commences when the plaintiffs knew or should have known either of the injury or negligent act.
Most recently, in University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991), the court reaffirmed its Barron holding. In Bogorff, the event that triggered the running of the limitations period was the notice to the parents of an injury to their child. Three months after the child's last treatment, he became comatose and eventually became completely disabled. At that time, the parents "were on notice of the possible invasion of their legal rights and the limitation period began running." Id at 1002. The court in Bogorff pointed out the Bogorffs were "clearly aware of Adam's paralyzed and brain-damaged condition." Id. at 1004.
In analyzing our case in light of these decisions to determine when the limitations period commenced, it is sufficient if the appellants knew or should have known of the legal injury.
The physicians, Drs. Hartog and Duboy, admitted Mrs. Tanner to the hospital for delivery of her baby. It is undisputed that Mr. and Mrs. Tanner were aware their child was stillborn during Mrs. Tanner's stay at the hospital. If knowledge of blindness *252 developing during a stay in a hospital in Barron or knowledge of a coma and quadriplegia occurring during an ongoing course of treatment in Bogorff constitutes notice of injury, so must notice of the stillbirth of this child in the hospital. At the time Mrs. Tanner's fetus died in utero, we conclude the parents "were on notice of the possible invasion of their legal rights and the limitation period began running." Bogorff, 583 So.2d at 1002. Although both Barron and Bogorff were decided on a motion for summary judgment, we conclude here, that as a matter of law, the incident or occurrence giving rise to the action was the stillbirth of the child delivered by the physicians in the hospital.
In Goodlet v. Steckler, 586 So.2d 74, 76 (Fla. 2d DCA 1991), this court suggests seven key factual considerations to weigh in determining whether the plaintiff had notice that a timely investigation should begin to discover any additional facts needed to support a medical negligence action. The court in Goodlet lists the factors as: 1) the identity of the plaintiff; 2) the existence of a relationship between the plaintiff and a health care provider that is sufficient to create a legal duty under a theory of medical negligence; 3) the identity of the health care provider who owes the duty; 4) the standard of care owing under the duty; 5) the facts establishing a breach of the standard of care; 6) proximate causation; and 7) injury. In analyzing these factors, this court acknowledged that Bogorff seems to trigger the statute of limitations by knowledge of facts which establish either factor 7, injury, or factors 4 and 5, the standard of care owing under the duty and the facts establishing a breach of the standard of care. Id.
This court has since in Harr v. Hillsborough Community Medical Health Center, 591 So.2d 1051 (Fla. 2d DCA, 1991), held that notice of more than the fact of injury to or death of a person is required to trigger the running of the statute of limitations against health care providers. In Harr, we emphasized that "[n]otice of a possible legal injury, i.e., notice of a possible invasion of one's legal rights, is necessary before it can be determined that one should have discovered the incident giving rise to the action." Id. However, we noted, that "[i]t seems clear that the supreme court in Bogorff intends for the statute of limitations to commence by the time the plaintiff has notice of Goodlet's factors 2, 3, 6 and 7." Id.
In this case, on the face of the pleadings, it is clear that while Mrs. Tanner was still in the hospital, she had knowledge of factual information concerning Goodlet factors 1, 2, 3, and 7. From the pleadings, however, we cannot conclude that she had knowledge of the standard of care, its breach, or the proximate causation between the breach and the injury in fact. Although the facts establishing proximate causation may not have been understood at that time, it is clear from the pleadings that Mrs. Tanner knew that the injury occurred in the hospital while she was under the care of health care providers. We conclude that this connection between the health care provider and the injury in fact is sufficient to give the appellants knowledge of the essential facts (notice) that a timely investigation should commence to discover additional facts needed to support an action against the appropriate health care providers. Accordingly, we conclude that the statute of limitations commenced on the date of the stillbirth and that the limitations period had expired prior to the filing of the appellants' complaint in August 1990.
As noted, the statute of limitations commenced running when the appellants were aware of the stillbirth on April 1, 1988. On February 12, 1990, 47 days prior to the running of the limitations period, the appellants tolled the statute 90 days by filing a notice of intent to initiate medical malpractice litigation pursuant to section 766.104, Florida Statutes. Thereafter, the appellants were entitled to file suit within 90 days plus the greater of either the remainder of the statute of limitations (47 days) or 60 days. See Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188 (Fla. 2d DCA 1989). Since there were fewer than 60 days remaining on the statute of limitations when the notice of intent *253 letters were mailed, the appellants had 150 days (90 plus 60) from February 12, 1990, or until July 12, 1990, to file suit. The appellants waited until August 1, 1990 to file; therefore, the statute of limitations bars their claims.
The appellants raise other issues, however, our disposition of this appeal renders it unnecessary to address these arguments.
Affirmed.
ALTENBERND, J., concurs.
PATTERSON, J., dissents with opinion.
PATTERSON, Judge, dissenting.
I respectfully dissent. I am disturbed by the trend in this area of the law which creates a fiction that a normal, but unfortunate, incident of proper medical care and treatment in the eyes of a lay person is in fact legal notice of possible malpractice. In my view, the legislature recognized such circumstances when it included the "should have been discovered with the exercise of due diligence" language in section 95.11(4)(b), Florida Statutes (1989). A party litigant should be given the opportunity to establish by competent evidence that they fall within circumstances defined by the legislature to protect unwary and uneducated persons from the harsh consequences of their ignorance of the pitfalls of medical treatment.
The majority in this case has chosen to extend this harsh and technical application of the law to its outer limits by ignoring the well-pled allegations of the amended complaint, which state that the appellants should not have known of the possible malpractice until December 29, 1989. When, as in this case, it cannot be determined from the face of the complaint that, as a matter of law, the statute of limitations had run prior to filing of suit, it is error to grant a motion to dismiss with prejudice on that basis. Hofer v. Ross, 481 So.2d 939 (Fla. 2d DCA 1985); Kulpinski v. City of Tarpon Springs, 473 So.2d 813 (Fla. 2d DCA 1985); B.B.S. v. R.C.B., 252 So.2d 837 (Fla. 2d DCA 1971).
I would reverse and allow the appellees to raise the statute of limitations as an affirmative defense.
NOTES
[1] The mother sought damages individually, and the father sought damages individually and as personal representative of the estate of their minor child. In view of our opinion, it is unnecessary to discuss the claim for the alleged wrongful death of their minor child. We note, however, that Florida does not recognize a cause of action for the wrongful death of a stillborn fetus. See Stern v. Miller, 348 So.2d 303 (Fla. 1977); Stokes v. Liberty Mutual Insurance Company, 213 So.2d 695 (Fla. 1968); Duncan v. Flynn, 358 So.2d 178 (Fla. 2d DCA 1978).
[2] The appellees argue in their brief the date of the stillbirth was March 31, 1988. In the appellants' amended complaint, they attached a letter of administration reflecting the baby died April 1, 1988. For purposes of this opinion, the discrepancy in the date of the stillbirth is of no moment.