James J. Crisona, J.
Motion by defendants Milk Maid Realty Company, Inc., hereinafter called Milk Maid, and Federal Insurance Company, hereinafter called Federal, for partial summary judgment dismissing so much of the cross complaint interposed by defendants Murray Seeman and Reuben L. Kershaw as seeks a judgment in the sum of $3,000 for alleged legal expenses incurred in defense of this action.
Plaintiff is the trustee in bankruptcy of J. T. Southard Corporation, a building contractor. He commenced this action for multiple relief including a claim for moneys allegedly due under an agreement whereby the bankrupt was to construct a building on property owned by defendants Seeman and Kershaw. In June, 1955 the latter leased this property to Milk Maid, one of the movants herein, who agreed to and did erect this building. In accordance with the terms of the lease Milk Maid furnished the lessors (Seeman and Kershaw) with a performance bond from Federal. The cross complainants (Seeman and Kershaw) allege that on the basis of the provisions contained in the performance bond, Milk Maid and Federal are liable for legal expenses incurred by said Seeman and Kershaw in the defense of this action brought by the trustee in bankruptcy.
At the outset it is to be noted that the aforesaid agreement of lease between Milk Maid and Seeman and Kershaw did not provide for counsel fees incurred or expended in connection with the erection of the building, nor is there any provision in the lease making the payment of attorney’s fees an item of damage for a breach of the lease or any of the terms, covenants, conditions or provisions thereof on the part of the lessee Milk Maid. The performance bond is the sole basis upon which the claim for legal expenses is or may be predicated. This bond provides, in part:
“ Whereas, in Paragraph 44 of said Lease Agreement the Principal is required to furnish a bond guaranteeing to complete and pay for the construction of a Milk Maid Ice Cream Store 'at the North Side of Linden Boulevard between Francis Lewis Boulevard and 207th Street, Town of St. Albans, Queens County, New York.
11 NOW, THEREFORE, THE CONDITION OE THIS OBLIGATION IS SUCH that if the Principal shall construct such store in accordance with the Specifications as approved by the Obligee and shall fully indemnify and save harmless the Obligee from all cost and damage they may suffer by reason of failure so to do and shall *1078 fully reimburse and repay to Obligee all outlay and expense which the Obligee may incur in making good any such default, and further, that if the Principal shall pay all persons who have furnished labor or materials used in such alterations, then this obligation shall be null and void, otherwise it shall remain in full force and effect.”
The general rule is that legal expenses incurred for the prosecution or defense of an action are not recoverable as special or general damage. Exceptions to this rule are found in actions for malicious prosecution, false arrest, or in those actions where recovery of counsel fees is authorized by statute or contract. (Doyle v. Allstate Ins. Co., 1 N Y 2d 439 ; Rollin v. Grand Store Fixture Co., 231 App. Div. 47 ; Idyll v. Kohn, 199 N. Y. S. 2d 165 ; Hoeflich v. Kreeger, 82 N. Y. S. 2d 267.)
The court has been referred to no authority in this State nor has any been found on its own research wherein the precise question raised by the cross complaint is answered. The court is persuaded, however, by well-reasoned cases in point, outside this jurisdiction, holding that legal expenses cannot be recovered absent a specific authorization by statute or contract. Thus in Fausett Bldrs. v. Globe Ind. Co. (220 Ark. 301) a performance bond provided that if the ‘ Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee, all loss and damage which said Obligee may sustain by reason of failure or default on the part of said Principal, then this obligation shall be void; otherwise, to be and remain in full force and effect. ” The court, after noting that the bond takes the form of an ordinary surety-ship as opposed to one of indemnity, made the following determination (p. 305):
‘ ‘ It will be observed that there was no provision in said bond or contract between [the principal] Slavens and [the obligee] Fausett, for payment by Slavens of any attorneys’ fees that Fausett might incur. It would have been an easy matter to have placed such a provision in either the bond or contract, or both, had the parties so desired.
“ The liability of [the surety] Globe under the plain terms of its bond was equal to and no greater than that of its principal, Slavens, under Slavens’ contract with Fausett; We think under no theory * * * could Fausett force Slavens- to pay its attorneys’ fees * * * under the above contract which it had with Slavens, and since, as indicated, appellee’s (Globe’s) liability on its bond was no greater than that of its principal *1079 (Slavens), Globe is not liable for the attorneys’ fees sought, in the circumstances.”
In the foregoing case extensive reference was made to the holding in Federal Sur. Co. v. Basin Constr. Co. (91 Mont. 114). In the latter case the Supreme Court of Montana, in denying legal expenses that were sought in a situation similar to that in the case at bar, stated at page 126: “ Here we have neither an express provision of statute nor of the contract warranting the recovery either as damages or as costs, and in our opinion the court erred in including them in its findings and in the judgment. * «= * The obligation of a surety is coextensive with and measured by the promises of the principal to the obligee contained in the contract. The surety by the bond only binds itself to the performance of the acts which the principal promises to perform as a part of its contract. Both the bond and the contract are to be construed and considered together in determination of the surety’s liability, in instances such as this, where the bond is given for the faithful performance of the contract. (Gary Hay & Grain Co. v. Carlson, 79 Mont. 111, 255 Pac. 722.) And where, as here, there is no express provision made either by statute or by the contract or the bond for the allowance of attorney’s fees as a part of the damages or costs in an action for breach of contract, they are not recoverable. In our opinion the words ‘ any and all damages directly arising by failure of the principal to perform faithfully said contract,’ as employed in the bond, were not intended to include attorney’s fees, but rather the usual and ordinary damages resulting from a breach of the contract.” (See, also, Security Nat. Bank v. Compania Anon. De Seguros, 21 Misc 2d 158, affd. 10 A D 2d 872.)
And so in the case at bar this court is of the opinion that the words “ shall fully indemnify and save harmless the Obligee from all cost and damage they may suffer by reason of failure so to do and shall fully reimburse and repay to Obligee all outlay and expense which the Obligee may incur in making good any such default ’ ’ were not intended to include legal expenses, but rather ‘ ‘ the usual and ordinary damages resulting from a breach of the contract.” (Federal Sur. Co. v. Basin Constr. Co., supra.) A surety’s liability is fixed by the express terms of his covenant which is contained in the obligations of his principal as defined in the main contract and in the conditions of the bond. (Richardson v. County of Steuben, 226 N. Y. 13 ; Becker v. Faber, 254 App. Div. 772, revd. on other grounds 280 N. Y. 146 ; Katz v. Leblang, 243 App. Div. 421 ; Stearns, Law of Suretyship [5th ed.], pp. 13-14, 262.) Accordingly, the motion for partial summary judgment is granted as prayed for.