■ CITIBANK (NEW YORK STATE) N. A., Respondent, v GALOR CONSTRUCTION CO., INC., et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered April 28, 1977 in Albany County, which granted plaintiff's motion for summary judgment in the amount of $58,328.76, and (2) from the judgment entered thereon. We agree with Special Term that defendants' affidavits fail to raise triable issues of fact and, therefore, we affirm so much of the order and judgment that awarded plaintiff $50,000, with interest. We believe, however, that Special Term's award of attorneys' fees was improvident. Attorneys' fees are recoverable only when authorized by statute or contract *(Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 519; *City of Buffalo v Clement Co.,* 28 NY2d 241; see, also, *Brod v Central School Dist. No. 1 of Towns of Sand Lake & Poestenkill,* 53 AD2d 1002). The promissory note does not provide for attorneys' fees, while the guarantees allow recovery for "any and all expenses" incurred in collecting on the obligation. Recognizing that guarantors are to be held only to the express terms of their agreement *(Wesselman v Engel Co.,* 309 NY 27), we hold that a clause allowing recovery for "expenses" does not include attorneys' fees (cf. *Robbins v Melbrook Realty Co.,* 28 Misc 2d 1076). To provide for recovery of attorneys' fees, the parties must explicitly agree that if the holder of the note is forced to sue to recover on the note, he will be entitled to such fees. The agreements in question here do not so provide. Order and judgment modified, on the law and the facts, by deleting the award for attorneys' fees, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.