OPINION OF THE COURT
Arthur W. Lonschein, J.
In this proceeding to confirm an arbitrator’s award pursuant to CPLR 7510 and 7514, the petitioner has moved to reargue that part of the court’s prior memorandum decision which denied petitioner’s application for counsel fees and interest from the date of the arbitrator’s award. It is petitioner’s contention that he is entitled to a counsel fee and interest under the provisions of section 675 of the Insurance Law which he says is applicable to this proceeding.
In my original determination, I pointed out that there was no statutory authority for me to award a counsel fee on this type of an application, and in adhering to niy determination, I shall state my reasons in greater detail, The arbitration between petitioner and the respondent involved only one question and that was whether the respondent, an insurance company, effectively canceled its policy of insurance with the petitioner. The arbitrator, apparently relying on Cohn v Royal Globe Ins. Co. (67 AD2d 993), found that the insurance policy issued by respondent to petitioner was not effectively canceled because the cancellation notice was in type face less than 12 point. In addition, the arbitrator awarded attorney’s fees of $525 computed in accordance with 11 NYCRR 65.16 (c) (Ameri *948 can Arbitration Association Rule 23 [iii]) plus $15 to reimburse petitioner for the fee paid to the Insurance Department.
What the petitioner seeks on this motion is an additional counsel fee, together with interest on the amount originally awarded at the “no fault rate”, i.e., 2% per month from the date of service of the award upon the respondent because of the failure of respondent to pay the sums set forth in the award on demand which necessitated this proceeding to confirm.
At the outset, it should be made clear that the issue arbitrated simply involved a question of whether the petitioner had a policy of insurance and the arbitration did not involve a claim for payment of no-fault benefits. It is petitioner’s contention that under subdivision 1 of section 675 of the Insurance Law, not only is interest due as demanded, but according to its provisions, an attorney’s fee is payable, if after arbitration, the sums payable thereunder are unpaid and further proceedings are necessary to effectuate payment.
It should be noted, counsel fees are not ordinarily payable in an action or proceeding unless there is statutory authority for the payment thereof. (City of Buffalo v Clement Co., 28 NY2d 241; Citibank [N. Y. State] N.A. v Galor Constr. Co., 60 AD2d 667.) Thus, in this case, I must first look to the statute relied upon to see if this proceeding fits within the statute and second, if the statute allows counsel fees and interest.
The provisions of the statute (Insurance Law, §675, subd 1) upon which petitioner relies reads in pertinent part: “All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion thereof was overdue and such claim was not paid before an attorney was retained with respect to the overdue claim, the claimant shall also be entitled to recover his attorney’s reasonable fee”. It is clear then that the statute allows interest and counsel fees, but the statute also makes plain that such fees and interest relate to claims of “first party benefits”. First-party benefits are defined in subdivision 2 of section 671 of the Insurance Law as “payments to *949 reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle”. Thus, such attorney’s fees and interest are due only as part of a claim for no-fault benefits. (Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.], 65 AD2d 431.)
The arbitration upon which confirmation is sought does not involve any claim for no-fault benefits and thus, the claim for counsel fees and interest cannot come within the ambit of the statute and thus must be rejected.
The motion for reargument is denied.