DELL, Judge.
Appellant filed a medical malpractice action against appellee Enrique E. Morales, M.D. and others some three years after appellee’s alleged malpractice occurred. Appellee raised the statute of limitations as affirmative defense, and moved for summary judgment. The trial court granted ap-pellee’s motion.
The limitations period commenced when appellant discovered or should have discovered the incident giving rise to the action. § 95.11(4)(b), Fla.Stat. (1979). This court defined the term “incident” in Florida Patient’s Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984) as consisting of three elements: (1) a medical procedure (2) tortiously performed (3) which injures the patient. Appellee, as the movant, had the burden to demonstrate conclusively the absence of an issue of fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983).
The record conclusively establishes that appellee performed a medical procedure, and that appellant knew he had performed a medical procedure more than two years before she filed suit. The record strongly suggests that appellant either knew or should have known of appellee’s alleged malpractice more than two years before she commenced suit. However, there are certain inconsistencies in the evidence which preclude us from holding that appel-lee conclusively demonstrated the absence of an issue with respect to this fact. We hold that the present record is inadequate to sustain summary judgment and reverse and remand this case for further proceedings.
REVERSED and REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.