476 So.2d 781 (1985)
Kelli SCHAFER, Appellant,
v.
Theodore LEHRER, Appellee.
No. 84-2538.
District Court of Appeal of Florida, Fourth District.
October 16, 1985.
*782 Robert J. Bogdanoff of Terry M. Rosenblum, P.A., Hollywood, for appellant.
Larry E. Metz and John S. Neely, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
SMITH, FREDRICKA G., Associate Judge.
Kelli Schafer appeals from a final summary judgment for defendant, Dr. Theodore Lehrer, in this medical malpractice action. The trial court found the plaintiff's suit was barred by the applicable statute of limitations, Section 95.11(4), Florida Statutes (1983), because she more than two years before filing suit had actual knowledge of the incident giving rise to her cause of action or of the injury which was the consequence of the malpractice. We reverse.
In her complaint, filed on August 2, 1983, Schafer alleges that between 1977 and 1980, Lehrer treated her for various obstetrical and gynecological problems and within that period aborted her pregnancy. She states that the doctor, when performing the abortion, negligently lacerated her cervix and/or failed to properly diagnose and treat the laceration and concealed from her the nature of her condition. Further, she asserts that she did not know of, nor could she have discovered, the malpractice until July 1982.
Dr. Lehrer argues that the plaintiff's answer to the following pretrial interrogatory conclusively demonstrates her actual knowledge of the negligent act as of August 1980.
Q. On what date was the physician-patient relationship between you and the defendant terminated?
A. August 1980.
Q. If terminated by you, state ... [t]he reason for the termination of the relationship.
A. When I found out what the doctor had done to me and that he never told me about it.
We find, however, that Schafer's affidavit in opposition to the motion for summary judgment provides a reasonable explanation of her interrogatory answer and, at the least, raises an issue of fact regarding when she learned of the negligent act. She explained that in answering the interrogatory she
meant by terminating my relationship with Dr. Lehrer that as it turned out, I last saw him in August 1980; I did not mean that in August of 1980 I had decided never to see him again. I decided that I would not use Dr. Lehrer again after I *783 was told he knew about the hole in my cervix but had not told me of it. This occurred after Dr. Sterghos finally obtained his medical records regarding me in 1982.
Dr. Lehrer alternatively argues that his patient had actual knowledge of the injury alleged to be the consequence of the malpractice not later than October 31, 1980, when she was advised by another physician that she had a laceration of the posterior portion of her cervix which was surrounded by inflammatory tissue. Although there is no dispute that Schafer was then advised of her lacerated cervix, it does not necessarily follow that she knew that the laceration existed at the time Lehrer treated her or that she knew Lehrer was negligent in causing or failing to treat the laceration. Knowledge of a physical injury alone, without the knowledge that the injury resulted from a negligent act, does not trigger the limitations period. Moore v. Morris, 475 So.2d 666 (Fla. 1985) (summary judgment based on statute of limitations inappropriate in medical malpractice action where record did not conclusively demonstrate expiration of limitation period since notice or imputed notice that infant's injuries were caused by negligence); Ash v. Stella, 457 So.2d 1377 (Fla. 1984); Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976).
Nor has the defendant conclusively shown, as he must to be entitled to summary judgment, that the plaintiff should have known of the negligence earlier than two years before suit was filed. Although Dr. Lehrer's records apparently disclosed the existence of the laceration at the time of the abortion, Schafer's affidavit alleges that her reasonable efforts to obtain the medical records from Lehrer were thwarted and the true facts concealed from her until 1982 when her then treating physician obtained the medical records. Even if Dr. Lehrer did not affirmatively prevent his patient from obtaining her records, given the fiduciary nature of the doctor-patient relationship, the doctor's duty extends beyond nonconcealment. See Nardone v. Reynolds, 333 So.2d at 39; Almengor v. Dade County, 359 So.2d 892, 894 (Fla. 3d DCA 1978). "Where an adverse condition is known to the doctor or readily available to him through efficient diagnosis, he has a duty to disclose and his failure to do so amounts to a fraudulent withholding of the facts, sufficient to toll the running of the statute [of limitations]." Nardone v. Reynolds, 333 So.2d at 39.
Recognizing that summary judgments should be cautiously granted in malpractice actions, Giallanza v. Sands, 316 So.2d 77 (Fla. 4th DCA 1975), and having found that genuine issues of material fact exist, we reverse the summary judgment and remand this cause to the trial court for further proceedings.
Reversed and remanded.
ANSTEAD and WALDEN, JJ., concur.