489 So.2d 51 (1986)
Stanley FRANKOWITZ, D.O., and Sunrise Medical Group, P.A., Appellants,
v.
Myrtle Eileen PROPST and Matthias J. Propst, Appellees.
No. 83-2393.
District Court of Appeal of Florida, Fourth District.
March 5, 1986.
*52 David L. Kahn and Harry M. Hausman, of David L. Kahn, P.A., Fort Lauderdale, for appellants.
Guy B. Bailey, Jr. and Mercedes C. Busto, of Bailey & Dawes, Miami, for appellees.
FREDRICKA G. SMITH, Associate Judge.
In this appeal, Dr. Frankowitz, defendant in a medical malpractice case, challenges the trial court's denial of his motion for directed verdict and subsequent entry of judgment for plaintiffs upon the jury's verdict. The trial court found that the statute of limitations did not bar the Propsts' lawsuit. We disagree and reverse.
In the present case, the question of whether the plaintiffs should have known of Dr. Frankowitz's role in the treatment of Mrs. Propst earlier than two years before bringing this action was not an issue for the jury to determine. The means of discovering the fact of Dr. Frankowitz's involvement were readily available to the plaintiffs through an examination of the hospital and medical records, and therefore, as a matter of law, their delay in examining the records did not postpone the running of the statute of limitations. Nardone v. Reynolds, 333 So.2d 25, 34 (Fla. 1976).[1]
The statute of limitations having run before the filing of the amended complaint which added Dr. Frankowitz as a defendant and alleged that Sunrise Medical Group, P.A., was vicariously responsible for Frankowitz's acts, we now consider whether this amended complaint can be said to relate back to the original complaint timely filed against Dr. Frankowitz's colleagues and Sunrise Medical Group, P.A.
While in the present case it is likely that Dr. Frankowitz knew that his employer, the professional association, and his co-practitioners were being sued by the Propsts, it cannot be said that Dr. Frankowitz and his associates shared an "identity of interest" or that the existing lawsuit afforded Dr. Frankowitz "fair notice" of the plaintiffs' claim against him. Compare Williams v. United States, 405 F.2d 234, 238 (5th Cir.1968). The original complaint filed against Drs. Neily, Thesing, Yezbick and Miller alleging their negligent treatment of Mrs. Propst in failing to diagnose the cause of her post-operative difficulties does not in effect assert a legal claim against Dr. Frankowitz, nor does it sufficiently apprise Dr. Frankowitz that a legal claim against him existed. The conduct or operational facts which give rise to Mrs. Propst's claim against Dr. Frankowitz are not sufficiently developed in the allegations of the original complaint so as to satisfy precepts of fair notice.
*53 We thus conclude that the amended complaint states a new cause of action and does not relate back to the original complaint timely filed against Dr. Frankowitz's colleagues and the professional association as the employer of the colleagues. See Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577 (Fla. 3d DCA 1978). Since this new cause of action is barred by the statute of limitations, we reverse the judgment for the plaintiffs and the denial of defendant's motion for directed verdict, and direct that judgment be entered for Dr. Frankowitz.
Reversed with directions.
WALDEN, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
The majority opinion concludes that as a matter of law the plaintiffs should have known of Dr. Frankowitz's treatment of her gastrointestinal problems because the medical records were "available" to Mrs. Propst. This conclusion is predicated on the supreme court decision in Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), which holds that knowledge of the contents of medical records is imputed even when the contents of the medical records are not actually known. Cf. Schafer v. Lehrer, 476 So.2d 781 (Fla. 4th DCA 1985). ("Even if Dr. Lehrer did not affirmatively prevent his patient from obtaining her records, given the fiduciary nature of the doctor-patient relationship the doctor's duty extends beyond nonconcealment.")
I believe that Nardone is distinguishable. In Nardone the parents were immediately put on notice that their child had been injured and they were aware of the identities of the doctors who treated him. In the case at bar there is evidence that Mrs. Propst was not aware that she had been injured until she consulted other doctors, and that she did not know, even then, that Dr. Frankowitz, whom she believed treated her solely for heart problems, was in any way responsible for the treatment of her gastrointestinal problems.
The rationale of the supreme court in imputing the knowledge to the parents in Nardone was that parties should not be allowed to take advantage of their lack of diligence. This rationale would not seem to apply in the case at bar because it does not appear to have been a lack of diligence that kept Mrs. Propst from investigating the records. Rather, not having been informed by Dr. Frankowitz of his involvement with her gastrointestinal problems, she was not aware that the records pertained to treatment by him other than for her heart problems. It seems to me that under these circumstances whether the Propsts knew or should have known of Dr. Frankowitz's involvement was a question of fact to be decided by the jury regardless of the existence of the records.
The majority opinion also concludes that the amended complaint should not "relate back" to the original complaint. I agree that the addition of Dr. Frankowitz individually as a defendant would be barred by the statute of limitations since the effect would be to bring a new party into the suit. See Garrido v. Markus, Winter and Spitale Law Firm, 358 So.2d 577 (Fla. 3d DCA 1978); Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977).
However, the issue as to the amendment to the complaint which relates to Sunrise's vicarious liability for Dr. Frankowitz's actions is harder to resolve. Sunrise was already a party because of its vicarious liability for several other doctors who were members of the same medical group. All the amendment relating to Dr. Frankowitz does is expand on the cause of action against Sunrise by setting forth his alleged negligent activities. The test for whether an amendment sets forth a "new cause of action" is not whether the cause of action stated in the amended pleading is identical to that stated in the original, but the test is whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. David Miller Distributing *54 Co. v. Florida National Bank at Arlington, 342 So.2d 856 (Fla. 1st DCA 1977). Here, the amended complaint against Sunrise for its vicarious liability for Frankowitz is based upon the same transaction or occurrence as the original complaint; that is, the failure of the medical group's members to properly diagnose Mrs. Propst's illness.
NOTES
[1] There was no evidence that plaintiffs were prevented from obtaining the medical records or that defendants made any attempt to conceal the facts from plaintiffs. Cf. Schafer v. Lehrer, 476 So.2d 781 (Fla. 4th DCA 1985).