512 So.2d 1080 (1987)
Bud Pratt WILLIAMS, Appellant,
v.
Firth S. SPIEGEL, M.D., Richard K. Ebken, M.D. and Spiegel & Ebken, M.D., P.A. and Florida Patient's Compensation Fund, Appellees.
Nos. 86-1579, 86-3040.
District Court of Appeal of Florida, Third District.
September 15, 1987.
Rehearing Denied October 7, 1987.
*1081 Stewart, Tilghman, Fox & Bianchi and Larry S. Stewart, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke; Womack, Lombana & Bass and Victor H. Womack and David C. Appleby, Miami, for appellees.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
These consolidated appeals by Bud Pratt Williams, the plaintiff below, are from (1) a summary judgment for the Florida Patient's Compensation Fund (the Fund) grounded upon the conclusion that Williams' medical malpractice action against the Fund was barred by the applicable statute of limitations and (2) a post-trial judgment entered pursuant to Section 768.54(2)(b), Florida Statutes (1981), limiting the liability of the defendant-doctors Spiegel and Ebken and their professional association, Spiegel & Ebken, P.A., to $300,000 ($100,000 each), the amount paid to Williams by the defendants' insurer.
The summary judgment for the Fund was grounded on the trial court's conclusion that the applicable two-year statute of limitations, § 95.11(4)(b), Fla. Stat. (1981), had run by September 27, 1985, the date upon which the Fund was sued.[1] Without belaboring the point, we reverse this judgment because we find that on the record before us, the defendant has not conclusively shown that the "incident," that is, an injury caused by medical malpractice, should have been discovered more than two years before suit was filed. See Cohen v. Baxt, 473 So.2d 1340, 1343 (Fla. 4th DCA 1985), aff'd on this issue sub nom. Florida Patient's Compensation Fund v. Cohen, 488 So.2d 56 (Fla. 1986); Scherer v. Schultz, 468 So.2d 539, 540 (Fla. 4th DCA 1985); Florida Patient's Compensation Fund v. Tillman, 453 So.2d 1376, 1379 (Fla. 4th DCA 1984), aff'd on this issue, 487 So.2d 1032 (Fla. 1986); see also Schafer v. Lehrer, 476 So.2d 781, 783 (Fla. 4th DCA 1985) (knowledge of physical injury alone, without knowledge that it resulted from a negligent act, does not trigger limitations period); Phillips v. Mease Hospital and Clinic, 445 So.2d 1058, 1061 (Fla. 2d DCA 1984) (same).
Williams challenges the judgment limiting the liability of Drs. Spiegel and Ebken and their professional association, Spiegel & Ebken, P.A., on the ground that Section 768.54(2)(b), Florida Statutes, permits limitation only when, inter alia, "the maximum limit of the underlying coverage maintained by the health care provider" (not merely $100,000 per defendant) has been paid, which, says Williams, has not been shown. Williams argues that because the defendants' policies with their insurance carrier contained a provision that promised payment of "all costs of defending [the] suit" in addition to the $100,000 limit of liability, the defendants' insurer should be liable to pay the attorney's fees of $206,000, awarded to Williams under Section 768.56, Florida Statutes (1981).[2]
We agree with Williams. The policies issued by the defendants' primary insurance carrier provide for benefits "in addition to the limits of [the insured's] coverage," one of which is the carrier's undertaking to "pay all costs of defending a suit." Although "costs" may be specifically defined to exclude attorney's fees, that was not done in these policies. Therefore, *1082 we see no reason to ascribe to the term anything other than its generic meaning. Indeed, because our supreme court has expressly held attorney's fees under Section 768.56 to be like any "other costs of proceedings" and a "part of litigation costs," Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1149 (Fla. 1985),[3] there is very good reason why we should accord the term its more inclusive meaning.
Accordingly, the judgments under review are reversed. In Case No. 86-1579, the summary judgment for the Fund is reversed and the cause remanded for further proceedings. In Case No. 86-3040, the Second Amended Final Judgment, which excludes the $206,000 in attorney's fees from the amount to be recovered from the defendants, is reversed and the cause remanded with directions to further amend the judgment to include this amount.
Reversed and remanded.
NOTES
[1] Drs. Spiegel and Ebken, members of the Fund, first treated the plaintiff on May 6, 1982, and were sued on May 3, 1984.
[2] Williams also attacked this limitation on the ground that the defendants, not the Fund, should be obliged to pay this attorney's fee award. This prong of Williams' attack has since been decided against him in Florida Patient's Compensation Fund v. Bouchoc, 12 F.L.W. 392 (Fla. July 16, 1987).
[3] The court pointed out that attorney's fees are routinely part of the "costs" under the English Rule and that the Florida Legislature has made attorney's fees part of the cost of litigation in more than seventy specific situations. Florida Patient's Compensation Fund v. Rowe, 472 So.2d at 1148.