SMITH, Chief Judge.
Appellants, Anargyros and Caroline Commenos, assert error on the part of the trial court in dismissing their amended complaint with prejudice. We reverse.
On May 19, 1986, appellants filed a complaint, and a subsequent amendment thereto, in which they alleged that appellee, Family Practice Medical Group, Inc., negligently treated Anargyros Commenos between December 23, 1983 and January 30, 1984. Appellee filed three motions to dismiss the complaint, the last one on the ground that the statute of limitations had expired before appellants filed their amended complaint with the good faith certificate attached to it. Thereafter the trial court entered its order dismissing the amended complaint with prejudice.
The critical dates for determining the statute of limitations period for medical malpractice actions are the date on which *38 the negligent acts occurred and the date the acts were discovered or should have been discovered with the exercise of due diligence. Section 95.11(4)(b), Florida Statutes (1985). In the present case, the complaint alleges the treatment period but is silent as to the date on which the alleged negligent acts were discovered or should have been discovered. Without this latter information, the complaint was not vulnerable to a motion to dismiss based upon the statute of limitations. Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979); Estate of James v. Martin Memorial Hosp., 422 So.2d 1043 (Fla. 4th DCA 1982; Wimpey v. Sanchez, 386 So.2d 1241 (Fla. 3rd DCA 1980), reversed in part, 409 So.2d 20 (Fla. 1982).
Since we have reversed on this issue, it is unnecessary to address the other points raised by appellants.
WENTWORTH and JOANOS, JJ., concur.