526 So.2d 989 (1988)
Patricia S. ELLIOT As Personal Representative of the Estate of Francis T. Elliot, Jr., Deceased, for the Benefit of Patricia S. Elliot and the Estate of Francis T. Elliot, Jr., Appellant,
v.
Mark V. BARROW, M.D., Robert Thoburn, M.D., et al., Appellees.
No. 87-819.
District Court of Appeal of Florida, First District.
June 3, 1988.
Rehearing Denied July 7, 1988.
Alan S. Wilhite, Gainesville and Richard G. Collins, Ft. Lauderdale, for appellant.
*990 Richard T. Jones of Jones & Carter, P.A., Gainesville, for appellees.
THOMPSON, Judge.
Patricia Elliot, the widow of Francis T. Elliot, Jr. and the plaintiff below, appeals a final order dismissing with prejudice her medical malpractice action against appellee H.C.A. Health Services of Florida, Inc. d/b/a North Florida Regional Hospital. We reverse.
On July 2, 1984 the decedent, Francis T. Elliot, Jr., fainted at home and was taken by ambulance to North Florida Regional Hospital. While he was left alone in the x-ray department on a table he fainted again, fell off the table, and was injured. He died approximately three months later on October 7, 1984, allegedly as a result of these injuries.
In compliance with § 768.57, Fla. Stat. (1986) appellant provided notice of her intent to initiate litigation to all prospective defendants on May 30, 1986. Appellant filed her initial wrongful death complaint on November 3, 1986. Named as defendants were the decedent's two treating physicians, their professional association, the appellee hospital and the Florida Patient's Compensation Fund. Appellant filed an amended complaint on April 13, 1987. The amended complaint's third count alleged that the hospital and its employees were negligent in leaving decedent unattended and unsecured, and that they willfully misled decedent and his family as to the nature of his condition so as to convince them no health care provider was responsible for his injuries and ultimate death. The hospital filed a motion to dismiss arguing that the 2 year statute of limitations of § 95.11(4)(b), Fla. Stat. barred plaintiff's claim. Specifically the hospital argued that decedent's fall on July 2, 1984, or, at the latest, his death on October 7, 1984 was the incident triggering the statute which would therefore have run July 2, 1986 or October 7, 1986, at the latest, thereby barring appellant's November 3, 1986 action. The hospital also argued that for a variety of reasons the 90 day tolling period afforded by § 768.57, Fla. Stat. was either inapplicable to appellant's action or otherwise did not operate to her benefit to overcome the purported untimeliness of her complaint. Without indicating which argument it found convincing, the court granted the hospital's motion and dismissed appellant'scomplaint with prejudice as to the hospital. This dismissal was improper.
Pursuant to § 768.57, Fla. Stat. (1986), any medical malpractice claimant, prior to filing suit, must serve on each prospective defendant a notice of intent to initiate litigation. This notice must be filed within the 2 year statute of limitations of § 95.11. Once such notice is served the prospective defendant has 90 days to investigate and respond to claimant's notice. During this 90 day period the statute of limitations is tolled for 90 days. Upon the expiration of the 90 day period the statute of limitations again begins to run, and the prospective plaintiff has whatever portion of the limitations period which remained at the beginning of the tolling period within which to file suit. See Abston v. Bryan, 519 So.2d 1125 (Fla. 5th DCA 1988).
The primary problem presented to the trial court in the instant case was the determination of when the statute of limitations should be regarded as having been triggered. Section 95.11(4)(b), Fla. Stat. provides in pertinent part:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
At the hearing on the motion to dismiss appellee hospital argued, inter alia, that July 2, 1984, the day decedent fell from the x-ray table, is unquestionably the date the statute was triggered because plaintiff was aware of the occurrence of the fall, of it's negligent implications, and of the resulting injury. We disagree. Several cases stress that the knowledge of physical injury *991 alone, without knowledge that it resulted from a negligent act, does not trigger the statute of limitations. Florida Patient's Compensation Fund v. Sitomer, 524 So.2d 671, (Fla. 4th DCA 1988); Williams v. Spiegel, 512 So.2d 1080 (Fla. 3d DCA 1987); Schafer v. Lehrer, 476 So.2d 781 (Fla. 4th DCA 1985); Phillips v. Mease Hospital & Clinic, 445 So.2d 1058 (Fla. 2d DCA 1984). An "incident" giving rise to a cause of action has been defined as consisting of three elements: (1) a medical procedure, (2) tortiously performed, (3) which injures the patient. Scherer v. Schultz, 468 So.2d 539 (Fla. 4th DCA 1985). Therefore plaintiff's knowledge of the fall on July 2, without further knowledge that it was caused by negligence or that it actually resulted in injury, is insufficient to automatically trigger the statute of limitations. The triggering of the statute of limitations may be delayed until sometime after the actual occurrence or act by the defendant's actions in assuring the plaintiff no harm resulted. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Schafer v. Lehrer. On the other hand, if plaintiff either should have or did have actual knowledge of the negligence, the statute begins to run. Humber v. Ross, 509 So.2d 356 (Fla. 4th DCA 1987); Frankowitz v. Propst, 489 So.2d 51 (Fla. 4th DCA 1986).
Whether the plaintiff has such knowledge or constructive knowledge is a question of fact. As such, depending on the circumstances of a particular case, whether the action is barred by the statute of limitations may constitute a question for the trier of fact. Florida Patient's Compensation Fund v. Tillman, 487 So.2d 1032 (Fla. 1986); Florida Patient's Compensation Fund v. Sitomer; Phelan v. Hanft, 471 So.2d 648 (Fla. 3d DCA 1985).
In the instant case, in deciding the hospital's motion to dismiss the court was limited to the consideration of matters within the four corners of the amended complaint, and in determining whether it states a cause of action, all well-pleaded facts must be accepted as true. Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla. 1973). The amended complaint alleges decedent fell July 2, 1984 and was injured, but that the hospital personnel concealed the extent of his injuries and the relation of the fall to decedent's subsequent problems and ultimate death on October 7, 1984. These allegations are sufficient to create a jury question as to when the statute of limitations period began. When the statute of limitations began to run is not apparent on the face of the complaint. Commenos v. Family Practice Medical Group, 516 So.2d 37 (Fla. 1st DCA 1987). Because this is a medical malpractice action for injuries and death pursuant to § 768.57, Fla. Stat. and not a wrongful death action brought under § 768.16, Fla. Stat., § 95.11(4)(d) is not applicable and the 90 day tolling period of § 768.57 is applicable. If the statute of limitations was triggered July 2, 1984 it would have expired October 1, 1986, and the suit would not have been timely filed. If, however, the statute was triggered on some later date it is possible that the statute of limitations had not expired when the suit was filed. Accordingly, this issue should be resolved by the trier of fact, and the court erred in precluding a jury decision on this issue. We reverse and remand and direct that the complaint against the hospital be reinstated.
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.