WIGGINTON, Judge.
The Jacksons appeal a final order dismissing with prejudice their medical malpractice action against appellees Robert D. Yant and Robert D. Yant, D.P.M., P.A. We reverse.
During the months of March and May 1983, Dr. Robert S. Lytle, Jr., defendant below, recommended surgery and performed three separate surgical procedures on Dorothy Jackson’s foot for bunions and misalignment of some of the lesser toes. Mrs. Jackson continued under the care of Dr. Lytle through July 6, 1984, when he recommended a fourth surgery on her foot. She sought a second opinion from orthopedic surgeon Dr. Hocker who advised her that further surgery was required to correct the condition of her left foot. Said surgery was performed by Dr. Hocker on September 10, 1984.
On January 16, 1985, Mrs. Jackson requested Dr. Lytle to release to her counsel all of her medical records, which she received on February 12,1985. Additionally, she secured her hospital records on January 27, 1985. These records indicate that Dr. Yant assisted on the first and third surgeries.
In paragraph ten of their fourth amended complaint (the one dismissed with prejudice), the Jacksons alleged that in an office conference with Dr. Hocker on March 8, 1985, they learned for the first time of certain negligent acts and omissions concerning the surgeries performed on Mrs. Jackson’s foot. Accordingly, on March 28, 1985, the Jacksons filed a complaint against Dr. Lytle for negligence.
Thereafter, on December 3, 1986, an amended complaint and summons were served on Dr. Yant. In paragraph seven of the fourth amended complaint, the Jack-sons allege that undisclosed to and unknown by them, Dr. Yant in fact independently performed some or all of the surgical procedures on Mrs. Jackson’s foot. However, as earlier noted, the operative report obtained by the Jacksons attached to the complaint as exhibit A, disclosed only that Dr. Yant had assisted. In paragraph ten of the complaint, the Jacksons alleged that it was not until September 26,1986, in response to formal discovery, that Dr. Ly-tle first disclosed Dr. Yant’s full surgical participation in the first surgery.
The Jacksons’ amended complaint and second and third amended complaints were dismissed as to Dr. Yant on the basis of the statute of limitations'. Their fourth amended complaint was likewise dismissed for the same reason with prejudice, the trial court holding that the fourth amended complaint “affirmatively alleges sufficient facts that would bar this cause of action against Robert D. Yant and Robert D. Yant, D.P.M., P.A.,' on the applicable statute of limitations, Florida Statutes § 95.11(4)(b) ... ”.
Implicit in appellees’ argument is the suggestion that the Jacksons knew or should have known of the negligence at the time of the first surgery because of the existence and availability of the medical records that were attached to and made a part of the fourth amended complaint and which show on their face Dr. Yant’s involvement in the surgery. Appellees also assert that Mrs. Jackson immediately knew of her injury. However, the issue on appeal is more narrow than the issue of whether the Jacksons should have or did have actual knowledge of the alleged negligence. As we have recently reiterated, whether the plaintiff has such knowledge or constructive knowledge is a question of fact and in deciding a motion to dismiss, the trial court is limited to the consideration of matters within the four corners of the amended complaint. In that regard, all well-pleaded facts must be accepted as true. Elliot v. Barrow, 526 So.2d 989 (Fla. 1st DCA 1988).
In the instant case, the fourth amended complaint alleges that the Jacksons for the first time learned of certain negligent acts on March 8, 1985, during their conference with Dr. Hocker. It also alleges that it was not until September 26,1986, that they first learned of Dr. Yant’s full surgical participation. Finally, the complaint alleg *97 es that Dr. Yant’s independent performance of some or all of the surgical procedures was undisclosed to and unknown by them until that time. These allegations dispute a conclusion that a statute of limitations defense is apparent on the face of the complaint. Commenos v. Family Practice Medical Group, Inc., 516 So.2d 37 (Fla. 1st DCA 1987). It has been stressed that the knowledge of physical injury alone, without knowledge that it resulted from a negligent act, does not trigger the statute of limitations. Elliot v. Barrow; Florida Patient’s Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988); Williams v. Spiegel, 512 So.2d 1080 (Fla. 3d DCA 1987); Schafer v. Lehrer, 476 So.2d 781 (Fla. 4th DCA 1985).
Accordingly, this issue is not one that should have been resolved by a motion to dismiss and the court erred in dismissing the fourth amended complaint with prejudice. We reverse and remand and direct that the fourth amended complaint against Dr. Yant and Robert D. Yant, D.P.M., P.A., be reinstated.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.