**BARBER BLUE SEA, Plaintiff,**

v.

**TRAILER MARINE TRANSPORT CORPORATION, Defendant.**

No. 87–1734–CIV–WMH.

United States District Court,
S.D. Florida.

May 11, 1989.

Daniel W. Raab, Thomas, Raab & Strader, Miami, Fla., for defendant.

James W. Lancaster, Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for plaintiff.

## ORDER DENYING AWARD OF ATTORNEY FEES

HOEVELER, District Judge.

This cause came for consideration upon the plaintiff's motion for attorney fees. The parties settled the lawsuit, but the court reserved jurisdiction to determine whether attorney fees were warranted.

FACTS

This action arises out a dispute over an agreement providing for indemnification while merchandise was in the custody of a transhipper. Barber Blue Sea (Barber) engaged Trailer Marine Transport Corporation (Trailer Marine) to act as a connecting carrier in the transhipment of containerized cargo from certain relay ports to certain destination ports designated by Barber. Barber had entered into a contract of carriage with China Rising Development, Ltd. (China Rising) to transport merchandise from Hong Kong to Antigua. Barber was bailee of the merchandise entrusted to it by China Rising. Barber delivered the merchandise to Trailer Marine at the Port of Miami, for transhipment to Antigua, the destination port.

Because China Rising did not receive payment for the merchandise, it did not release the original bills of lading to the consignee, Trans–Caribbean Industries. However, Trailer Marine released the merchandise to Trans–Caribbean without the presentation of the original bills of lading.

Barber alleged in the complaint that China Rising has not received payment for the merchandise and has filed a claim against Barber for the value of the improperly released merchandise. Trailer Marine has alleged, however, in other documents that no claim was ever filed by China Rising. Barber further alleged that despite repeated demands by Barber, Trailer has failed, refused, and or neglected to protect and defend Barber's interest or to indemni-

fy Barber for expenses arising from the improper release of the merchandise.

The parties have settled this matter as to all issues, except attorney fees. The plaintiff moves for an award of attorney fees.

## DISCUSSION

The issue presented is whether attorney's fees should be awarded when the contract in dispute provides for indemnification for all expenses and liabilities that may be incurred, but does not mention attorney fees specifically. The contract between Barber and Trailer Marine provided that Trailer Marine would "indemnify and hold Barber Blue Sea harmless from all expenses and liabilities it may incur which in any way may be from or be connected with any loss, damage, delay or misdelivery of cargo while in the possession or custody of Trailer Marine Transport Corporation ..." Trailer Marine agreed to cover any liability for incorrectly released cargo at the destination by Trailer Marine, their agents or port authorities, including customs. According to the terms of the contract, any controversy or claim arising out of the contract was to be arbitrated in New York.

The awarding of attorney fees turns on whether the term "expenses" as used in the contract includes attorney fees. Trailer Marine asserts in its response that New York law should be presented to determine the award of attorney fees since the contract between the parties provided New York law as the choice of law to be applied. New York law provides that attorney's fees are only recoverable when authorized by statute or specifically in the contract. *Citibank (New York State) N.A., v. Galor Construction Co., Inc.*, 60 A.D.2d 667, 400 N.Y.S.2d 208 (Sup.Ct.N.Y. 3rd Dept. 1977); *Robbins v. Melbrook Realty Company*, 28 Misc.2d 1076, 213 N.Y.S.2d 403 (Sup.Ct., Special Term, Queens, Part 1, 1961); *Empire National Bank v. Monahan*, 65 Misc.2d 412, 317 N.Y.S.2d 840 (Rockland County Court, July 1975). The court in *Citibank* held that where a promissory note did not provide for attorney fees in the guarantee but only for "any and all expenses" in collecting on the obligation, attorney fees were not recoverable. Under New York law, therefore, plaintiff would not be permitted to recover attorney fees in seeking indemnification.

The denial of attorney fees in establishing the right to indemnification, in absence of a specific contract clause providing for such, is well-settled in other jurisdictions. Attorney fees in an indemnity action are recoverable from the indemnitor if the indemnitee is defending a claim by a third party for which the indemnitor is ultimately liable. If the indemnitee is seeking to establish the right to be indemnified he may not recover attorney fees. *See General Electric Company v. Mason and Dixon Lines, Inc.*, 186 F.Supp. 761 (W.D.Va.1960). It is true that in maritime cases the right to indemnify includes the reasonable value of attorney fees and costs incurred by the indemnitee in defending against a third party claim. *Torres v. Compania Transatlantica Espanola, S.A.*, 261 F.Supp. 105 (D.C.Puerto Rico 1966). If a ship owner as indemnitee is even exposed to a potential liability or foreseeable loss he is entitled to be indemnified and can collect his attorney fees and costs in defending against a claimant. *Gaymon v. Prudential Lines, Inc.*, 473 F.Supp. 161 (S.D.N.Y.1979). Where a party is prosecuting a claim for indemnification, however, he may not be awarded attorney fees incurred in the action seeking indemnity. *Paliaga v. Luckenbach Steamship Company*, 301 F.2d 403 (2d Cir.1961). *See Maseda v. Honda Motor Company Ltd.*, 861 F.2d 1248 (11th Cir.1988).

Barber asserts that language similar to that in the disputed contract has recently been held to be broad enough to contemplate the payment of attorney fees, citing *Williams v. Spiegel*, 512 So.2d 1080 (Fla.3d D.C.A. 1987). The wording in the contract in *Spiegel*, however, was unlike that in the contract here. In *Spiegel*, the policy provided that the carrier was to "pay all costs of defending a suit." The language in the contract at issue in this case did not refer to defending a suit, but merely referred to expenses which in any way are connected with any misdelivery of cargo. The parties did not intend for this to include attorney

fees but merely to include any loss incurred. Barber Blue uses *Spiegel* to show that attorney fees should be included in the term costs unless the contract specifically excludes them from that definition. This conclusion cannot be read into that case. The language in *Spiegel* was directly in the context of defending a suit. The language in the disputed contract here, by contrast, merely speaks of expenses and liabilities but does not directly address "defending a suit."

Barber Blue claims that it retained an attorney to defend a claim made by China Rising and that responsibility belonged to Trailer Marine under the terms of the agreement. If, in fact, litigation was instituted by China Rising against Barber Blue, Trailer Marine should defend and would be liable. Barber Blue has not established that an action by China Rising was brought against it. The suit currently before this court involves the determination of indemnification rights between the two contracting parties, Barber Blue and Trailer Marine. Because the request for attorney fees concerns fees incurred in this action, the request must be denied. Having considered the motion and being fully advised in the premises, it is

ORDERED AND ADJUDGED that the plaintiff's motion for an award of attorney fees is denied.

DONE AND ORDERED.