JOANOS, Judge.
Rita F. Mimms and William K. Mimms have appealed from an order entering par *163 tial summary judgment in favor of appel-lees Dr. Cassidy and the Hodnette Medical Center Clinic, P.A., based on the running of the statute of limitations. We affirm. See Wilhelm v. Traynor, 434 So.2d 1011 (Fla. 5th DCA 1983) pet. for rev. den. 444 So.2d 418 (Fla.1984); Elliot v. Barrow, 526 So.2d 989, 991 (Fla. 1st DCA) rev. den. 536 So.2d 244 (Fla.1988).
Partial summary judgment was also entered in favor of appellee West Florida Regional Medical Center, Inc. on two of the four counts alleged against it in appellants’ complaint. It is West Florida’s contention herein that the Mimms’ failure to argue for reversal of the partial summary judgment as to West Florida constitutes abandonment of that issue. We disagree.
A final judgment or order dismissing less than all of the interrelated claims or counts involving the same transaction and the same parties is not appeal-able if there is any interrelated claim involving the same transaction and same parties remaining in the suit. Odham v. Mount, 484 So.2d 95, 96 (Fla. 1st DCA 1986); Vila v. O’Brien, 511 So.2d 443 (Fla. 5th DCA 1987). Four counts of the fourteen count complaint embodied allegations against West Florida, all arising out of a recovery room incident wherein Mrs. Mimms allegedly suffered brain damage. The counts which were affected by the instant order (Counts XII and XIV) alleged liability for Mimms’ injury on the grounds that Dr. Cassidy and appellee Nurse Coin were employees of West Florida.
However, remaining to be litigated between Mimms and West Florida are counts alleging negligence in West Florida’s failure to provide sufficient personnel to adequately supervise Mimms’ recovery (Count V) and its alleged violation of Section 395.-005, Florida Statutes, by failing to insure that sufficient personnel with appropriate occupational disciplines were present and on duty in the recovery room (Count VIII). Because there remain after the summary judgment “interrelated claims involving the same transaction and the same parties,” the order is not appealable as to West Florida, and the Mimms’ failure to argue for reversal of that portion of the order is not dispositive of its merits.
Affirmed.
BOOTH and BARFIELD, JJ., concur.