SHIVERS, Judge.
This appeal is from a final summary judgment in favor of Family Practice Medical Group, Inc. (Family Practice). On May 19, 1986, appellants filed a complaint which was amended in October, 1986. The trial court dismissed the May 19 complaint because it did not contain a certificate of counsel, and it subsequently ruled the limitations period expired before the amended complaint was filed. We reverse the dismissal of the May 19 complaint.
Anargyros suffered from pancreatitis and was treated by Family Practice in Ala-chua General Hospital in December 1983. Part of the treatment involved repeated catheterizations. Anargyros filed a malpractice complaint in proper person against Family Practice on May 19, 1986, alleging he was injured as a result of negligently performed catheterizations. Anargyros’ wife Caroline joined in his complaint based on damages derivative of Anargyros’ claims. Although Caroline is an attorney licensed to practice law in Florida, she filed in proper person. The complaint was dismissed without prejudice because it did not include a certificate of counsel declaring that after a reasonable investigation there exists a good faith belief that grounds exist for an action against Family Practice. The trial court said
The question raised by the motion is whether or not the good faith statement has to be filed, even by one who represents himself in a pro se action. I think that was the intent of the legislature in doing so and it’s my judgment that the action may not be filed until it is done. So [the] motion to dismiss on the basis of [section] 768.495 is granted and the action is dismissed.
An amended complaint was filed on October 29, 1986, and it complied with the good faith certificate requirement. Family Practice moved to dismiss on the ground the statute of limitations had expired. The complaint was dismissed with prejudice. This court reversed on December 1, 1987, and held the complaint could not be dismissed based on the expiration of the limitations period because the complaint did not state a date on which the alleged negligent acts were discovered or should have been discovered, which was the critical date for determining the applicability of the limitations period. Commenos [sic] v. Family Practice Medical Group, Inc., 516 So.2d 37 (Fla. 1st DCA 1987). Having reversed on that issue, we found it unnecessary to address other points raised by the Comnenos-es.
On remand Family Practice filed an amended answer on July 17, 1989, asserting a statute of limitations defense. On July 28, 1989, the trial court granted leave to file the amended answer and deemed it filed. On July 12, 1990, the trial court granted Family Practice’s motion for summary judgment on the ground the limitations period expired.
On appeal the Comnenoses argue the May 19, 1986, complaint should not have been dismissed because the certificate of counsel is not required from a plaintiff in proper person. Caroline never appeared as counsel of record. Both Anargyros and Caroline signed all the pleadings pro se; and Anargyros, who is a law school graduate, assisted in the preparation of the pleadings in the trial court and the briefs on appeal.
After factoring two statutory tolling provisions applicable in this case, Family Practice appears to concede in its answer brief that the May 19 complaint was timely; but it argues that the certificate of counsel was required because Caroline is an attorney, albeit not of record in the case. We agree with the Comnenoses.
*631 Section 768.495(1), Florida Statutes (1985), states in part
No action shall be filed for ... medical negligence ... unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant_ If the court determines that such certificate of counsel was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court shall award attorney’s fees and taxable costs against claimant’s counsel, and shall submit the matter to The Florida Bar for disciplinary review of the attorney.
Having reviewed the committee reports and staff analyses, we find that the legislative intent regarding section 768.495(1) was to require a certificate only from an attorney of record formally representing a plaintiff. See also, Hawkes, The Second Reformation: Florida’s Medical Malpractice Law, 13 Fla.St.U.L.Rev. 747 (1985) (“A certificate is only required of claimants who hire an attorney. A claimant proceeding pro se would not be obligated to file a certificate of reasonable investigation and good faith belief of grounds for suit.” Id. at 763 n. 80).
Accordingly, we reverse the summary judgment, reinstate the May, 19, 1986 complaint, and remand for further proceedings. We find it unnecessary to address the remaining points on appeal.
REVERSED and REMANDED.
WOLF, J., concurs.
CAWTHON, Senior Judge, specially concurs, with opinion.