VAN NORTWICK, Judge.
Rajaa Hanano and George Horak, her husband, appeal an order dismissing their complaint with prejudice based on the application of the statute of limitations. Appellants filed a complaint against Steven P. Pe-trou, M.D., Mayo Clinic-Jaeksonville, and St. Luke’s Hospital Association, appellees, seeking damages for alleged medical malpractice and negligence arising out of the surgical removal of Hanano’s left kidney by Dr. Pe-trou and the related medical tests and diagnoses performed at Mayo Clinic and St. Luke’s. Appellees moved to dismiss the complaint for failure to state a cause of action, arguing that the statute of limitations set forth in section 95.11(4)(b), Florida Statutes (1991), had run. The trial court dismissed the complaint with prejudice. Because the complaint does not show on its face that the appellants’ cause of action is barred by the statute of limitations, we reverse.
In ruling on a motion to dismiss a complaint for failure to state a cause of action, the trial court must confine itself to the allegations contained within the four comers of the complaint. Pizzi v. Central Bank and Trust Co., 250 So.2d 895, 897 (Fla.1971). Generally, the statute of limitations is an affirmative defense. See Rule 1.110(d) and Form 1.965, Fla.R.Civ.P. Nevertheless, “[ajffirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b)....” Rule 1.110(d), Fla.R.Civ.P. Thus, where facts supporting the application of the statute affirmatively appear on the face of the complaint, the statute of limitations may be raised by motion to dismiss. Hofer v. Ross, 481 So.2d 939, 940 (Fla. 2d DCA 1985); Toledo Park Homes v. Grant, 447 So.2d 343, 344 (Fla. 4th DCA 1984); Williams v. Covell, 236 So.2d 447, 448 (Fla. 1st DCA 1970).
In the instant ease, although the complaint does state that the surgery which is the subject of this action was performed on September 17, 1991, that date by itself does not constitute all facts necessary for the trial court to determine “the time the incident giving rise to the action ... [was] discovered, or should have been discovered with the exercise of due diligence.” § 95.11(4)(b), Fla. Stat. (1991). Tanner v. Hartog, 618 So.2d 177 (Fla.1993); Elliot v. Barrow, 526 So.2d 989 (Fla. 1st DCA), rev. denied, 536 So.2d 244 (Fla.1988).
In Tanner, the supreme court analyzed at what point the statute would begin *639 to run in a medical malpractice action, as follows:
[T]he knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice. The nature of the injury, standing alone, may be such that it communicates the possibility of medical negligence, in which event the statute of limitations will immediately begin to run upon discovery of the injury itself. On the other hand, if the injury is such that it is likely to have occurred from natural causes, the statute will not begin to run until such time as there is reason to believe that medical malpractice may possibly have occurred, (footnote omitted).
Tanner, 618 So.2d at 181-82.
In Elliot, the trial court had dismissed with prejudice the medical malpractice action against the defendant hospital after the hospital successfully argued that the day the decedent fell from the x-ray table was the date the statute of limitations was triggered because the plaintiff was aware of the occurrence of the fall, of its negligent implications, and of the resulting injury. In reversing, this court explained:
[T]he knowledge of physical injury alone, without knowledge that it resulted from a negligent act, does not trigger the statute of limitations. An “incident” giving rise to a cause of action has been defined as consisting of three elements: (1) a medical procedure, (2) tortiously performed, (3) which injures the patient. Therefore plaintiffs knowledge of the fall ... without further knowledge that it was caused by negligence or that it actually resulted in injury, is insufficient to automatically trigger the statute of limitations. The triggering of the statute of limitations may be delayed until sometime after the actual occurrence or act.... On the other hand, if plaintiff either should have or did have actual knowledge of the negligence, the statute begins to run.
Elliot, 526 So.2d at 990-91, (citations omitted).
In the instant case, as in Elliot, “[w]hen the statute of limitations began to run is not apparent on the face of the complaint.” Id. at 991. The complaint alleges that Hanano underwent diagnosis and treatment for left flank and abdominal pain, culminating in surgical removal of her left kidney on September 17, 1991. Here, the occurrence of surgery alone, however, would not have “communicate[d] the possibility of medical malpractice.” Tanner, 618 So.2d at 181-82. Thus, the statute did not begin to run simply by virtue of Hanano’s knowledge of the surgery. The complaint further alleges that diagnostic procedures indicated that Hana-no’s left kidney was “healthy and functioning well, albeit, with some adhesions”; that Dr. Petrou was negligent in removing the kidney, rather than repairing the adhesions; and that there were indications, which Dr. Petrou ignored or overlooked, that other causes separate and apart from the kidney were responsible for her left flank and abdominal pain. No facts are alleged in the complaint, however, which would indicate at what point in time after the surgery Hanano knew, or reasonably should have known with the exercise of due diligence, that there was a reasonable possibility that her condition had been misdiagnosed and that her kidney had been improperly removed. Thus, the facts giving rise to the defense of the statute of limitations do not affirmatively appear on the face of the appellants’ complaint.
Appellees also contend that appellants conceded their cause of action accrued on September 17, 1991, more than two years prior to the filing of the instant action. We find, however, no such concession of record.
On remand, the appellees will have the burden of showing that this action was commenced beyond two years after the time the cause of action was discovered or should have been discovered with the exercise of due diligence within the meaning of section 95.11(4)(b). Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979).
Because resolution of this issue is disposi-tive of this appeal, we do not reach the other issues raised by the parties. REVERSED *640 and REMANDED for proceedings consistent with this opinion.
WOLF and PADOVANO, JJ., concur.