PER CURIAM.
Tanita Woods, appellant, seeks review of an order dismissing with prejudice her complaint for medical malpractice based on the expiration of the statute of limitations. Because the four corners of her complaint do not contain the facts necessary to determine whether the statute of limitations bars the action, we reverse.
In her complaint, appellant alleged that on December 20, 1996, Belinda Dukes, the decedent, was admitted into the Emergency Department of Methodist Medical Center with complaints of severe abdominal pain. Appellant further alleged that Dr. Jeffrey H. Sapolsky, an employee of Emergency Physicians, Inc. d/b/a Emergency Resources Group, (collectively “ap-pellees”) negligently treated and failed to diagnose accurately the decedent’s condition. Without specifying a date, appellant stated in the complaint that the decedent subsequently died from a perforated duodenal ulcer with extensive peritonitis and septic shock. Appellees moved to dismiss the complaint, arguing that appellant did not timely file her Notice of Intent *377 and, thus, the two-year statute of limitations expired prior to appellant filing her complaint. The trial court dismissed the complaint with prejudice.
In ruling on a motion to dismiss, the trial court is limited to the allegations contained within the four corners of the complaint. See Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999); Hanano v. Petrou, 683 So.2d 637 (Fla. 1st DCA 1996). Here, appellant alleged that appellees committed medical malpractice on December 20, 1996. However, that date by itself does not constitute sufficient facts necessary for the trial court to determine “the time the incident giving rise to the action ... [was] discovered, or should have been discovered with the exercise of due diligence.” § 95.11(4)(b), Fla. Stat. (1999). This Court has previously stated that “a misdiagnosis will constitute evidence that a plaintiff did not have knowledge that the injury was caused by negligence until the plaintiff received a correct diagnosis.” Higgs v. Dep’t of Corrections, 654 So.2d 624, 627 (Fla. 1st DCA 1995). On its face, the complaint does not show when the decedent was correctly diagnosed. The statute of limitations did not begin to run on the date of Dr. Sapolsky’s diagnosis and treatment. Rather, the statute of limitations began to run when appellant acquired knowledge of the correct diagnosis on a subsequent date not specified in the complaint. Thus, the complaint, on its face, does not affirmatively show that appellant’s cause of action is barred by the statute of limitations.
REVERSED and REMANDED for further proceedings.
BOOTH, WOLF and LEWIS, JJ., CONCUR.