■ JEDON CORPORATION, Appellant, v INDUSTRIAL PAINT SERVICES, Respondent. [811 NYS2d 195]—

Mercure, J.P. Appeal from that part of two orders of the Supreme Court (Rumsey, J.), entered June 15, 2004 and January 18, 2005 in Tioga County, which denied plaintiff's requests for counsel fees.

Plaintiff and defendant are corporations that were closely-held by R. Donald Chapman and Jean Williams prior to their

acrimonious divorce.* Following the divorce, Chapman assumed sole ownership of plaintiff and Williams assumed sole ownership of defendant, and a settlement was reached whereby defendant would purchase the assets of plaintiff. When defendant failed to make a final payment pursuant to the parties' promissory note, plaintiff filed a notice of motion for summary judgment in lieu of complaint, demanding payment and counsel fees. Supreme Court granted plaintiff's motion with respect to the balance due on the note but denied the request for counsel fees. Defendant thereafter issued plaintiff a check but Chapman was unsuccessful in negotiating the check because plaintiff had been dissolved, a fact previously unknown to either Williams or Supreme Court. Unable to resolve this issue themselves, the parties returned to Supreme Court, which directed defendant to issue a check to Chapman, as successor in interest to plaintiff, and again declined to award plaintiff counsel fees. Plaintiff appeals both orders, asserting that Supreme Court erred in denying it counsel fees.

We affirm. It is well settled that a prevailing party is entitled to counsel fees only if authorized by an agreement, statute. or court rule (see *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468 [2003], *lv dismissed* 100 NY2d 640 [2003]). Recovery of counsel fees in an action to enforce a promissory note will not be permitted unless "the parties . . . explicitly agree that if the holder of the note is forced to sue to recover on the note, he [or she] will be entitled to such fees" (*Citibank [N.Y. State] N.A. v Galor Constr. Co.*, 60 AD2d 667, 667 [1977]). Here, the promissory note itself contains no explicit provision for recovery of counsel fees. Moreover, contrary to plaintiff's argument, the parties' security agreement—which was incorporated by reference into the promissory note—does not authorize it to recover fees incurred in collecting a debt. The only explicit provision in the security agreement regarding the recovery of counsel fees states that if plaintiff is forced to take possession of defendant's collateral, "[defendant] will have to reimburse [plaintiff's] expenses for taking possession and selling the collateral, court costs and reasonable attorney's fees." Inasmuch as plaintiff did not take possession of the collateral, Supreme Court properly determined that the security agreement did not authorize the recovery of counsel fees here. We have considered plaintiff's remaining arguments, including

---

* The underlying facts are more fully discussed in *Matter of Williams v Chapman* (22 AD3d 1015 [2005]), in which we affirmed a finding of Family Court that Williams expressly waived prospective child support payments imposed in the judgment of divorce.

its apparent claim that counsel fees are warranted pursuant to 22 NYCRR 130-1.1, and find them meritless.

Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.